313 So.2d 660 (1975)
MOORE MEATS, INC., a Florida Corporation, et al., Petitioners,
v.
David U. STRAWN, Circuit Court Judge of the 18TH Judicial Circuit IN AND FOR SEMINOLE COUNTY, Florida, Respondent.
No. 45511.
Supreme Court of Florida.
February 19, 1975.
Verne L. Freeland, Miami, for petitioners.
Howard A. Speigel, of Sigman, Speigel, Flower & Strober, Orlando, for respondent.
DEKLE, Justice.
We here undertake to resolve in certiorari a procedural issue which we are urged to settle as a matter of present uncertainty and confusion to the practicing bar as to whether a plaintiff is required by Rule 1.100(a) FRCP to file a reply to an affirmative defense. The able trial judge found that the rule does not require a reply merely to deny allegations of the affirmative defense or to show that the pleader lacks knowledge of the truth or falsity of those allegations and accordingly denied the defendant's motion for judgment on the pleadings based on the plaintiff's failure to file a denial in those circumstances. The Fourth District Court of Appeal apparently agreed by denying mandamus without opinion at 293 So.2d 408 (1974).
The record proper before us reflected apparent conflict with our prior decision in Gulf Life Ins. Co. v. Ferguson, 59 So.2d 371 (Fla. 1952), wherein this Court reversed the trial court which had held that it was not essential that a reply be filed to the affirmative defense of fraud which was therein asserted. We accordingly issued the writ.[1]
That is not all that Gulf Life involved, however. It is distinguished from the *661 present cause and the distinction serves to point up the answer to the question posed with respect to whether and when a reply to an affirmative defense is required. In Gulf Life the eminent late Justice Terrell in treating the predecessor rule then applicable, namely, Common Law Rule 9(d) and (e), 1950, stated, consistent with the ruling before us for review, that "the clear requirement" of the rule "is that when affirmative defenses are raised they are deemed as denied if an affirmative defense (thereto) is not offered" (by way of a reply).
The difference in Gulf Life was that plaintiff had filed no reply to the defendant's affirmative defense of fraud and then tried to assert at trial by way of "avoidance" evidence showing waiver and estoppel which were among the affirmative defenses actually named in C.L.R. 9(d) as required to be set forth in a responsive pleading and plaintiff had not done so; therefore, such proofs were held not allowable. Under such different facts the result was not inconsistent with our holding below; thus the contended conflict is dissipated.
Under former rule C.L.R. 9(d) and present CPR 1.100(a), "new matter" under affirmative defenses of a plaintiff to defenses affirmatively asserted by a defendant must be set forth in a reply pleading since it is an express "avoidance". This is necessary in order to lay a predicate for such proofs so that the parties may prepare accordingly. Where the pleader wishes simply to treat an affirmative defense as denied, and no new matter or affirmative defense is to be asserted thereto, then the affirmative defense is deemed denied, and a reply of simple denial would be surplusage.
Florida's "Dean of Rules" is the Honorable Henry P. Trawick, Jr., who served long and devotedly on the Supreme Court Committee on Rules of Civil Procedure and as Chairman thereof. He is the author of Trawick's Florida Practice and Procedure and has highlighted the answer which Justice Terrell asserted in Gulf Life and which the trial judge here found, namely, that there is an automatic denial unless there is some new defense or defensive matter to be asserted by way of reply. Mr. Trawick in an enlightening article "To Reply or Not To Reply?" published in the December 1973 Florida Bar Journal pointed out:
"The question of a mandatory reply was extensively debated in the Civil Rules Subcommittee and the Florida Court Rules Committee of The Florida Bar. A recommendation that a reply be required when the plaintiff sought to raise defense to an affirmative defense in the answer was made by The Florida Bar to the Supreme Court and the present R.Civ.P. 1.100(a) was adopted by the court effective January 1, 1973. Perhaps no single rule change in the past ten years has caused so much confusion.
"The confusion is unjustified. The rule is crystal clear. It says:
"`If an answer or third party answer contains an affirmative defense and the opposing party seeks to avoid it, he shall file a reply containing the avoidance.'
Avoid means `to make legally void; to prevent the . .. effectiveness of.' In pleading, avoidance means `an allegation of new matter in opposition to a former pleading that admits the facts alleged in the former pleading and shows cause why they should not have their ordinary legal effect.'
"This brings us to scholarship. Every law student should learn that two classes of defensive pleas in bar exist. The first is a plea by way of traverse. This means a denial of an ultimate fact pleaded in the preceding pleading. The second class of defensive plea is one by way *662 of confession and avoidance. All affirmative defenses are pleas by way of confession and avoidance. They admit the allegations of the plea to which they are directed and allege additional facts that avoid the legal effect of the confession. For example, the plea of contributory negligence that was formerly available admitted the negligence of the pleader and alleged that the opposing party was also guilty of negligence. Under the substantive law then in effect, proof of contributory negligence was a complete defense.
"Let us return to the amended rule. The reader will not find any reference to denials, admissions, traverses or pleas of lack of knowledge in it. He will find `avoid' and `avoidance.' The committee assumed that the bench and bar knew the difference between the two types of defensive pleas in bar and the meaning that should thus be attributed to `avoid' and `avoidance' in the rule."
We feel that Mr. Trawick has ably presented the problem and the answer; we agree with his view which should be of help and guidance to the Bar in this respect.
In the present cause there is no concern as to the substantive issues. The trial judge correctly held that a simple denial implicit in the rule without reply was sufficient since there were no new matters or defenses to the affirmative defense asserted which were offered to "avoid" such affirmative defense by other than automatic denial by the rule of the assertions thereof. Circuit Judge David U. Strawn in an order of great clarity ruled:
"Defendant filed an answer which affirmatively alleged the defense of illegality of contract. Plaintiff did not file a reply to this defense. Defendant then moved for judgment on the pleadings asserting that the affirmative defense of illegality had been admitted by virtue of Plaintiff's failure to specifically deny its allegations by way of reply.
"FRCP 1.100(a) only requires a reply to an affirmative defense when the opposing party seeks to avoid that defense. The rule specifically does not require a reply merely to deny the allegations of the defense or to show that the pleader lacks knowledge of the truth of those allegations.
"It therefore appears that no pleading is required of the Plaintiff if he has no defense in `confession and avoidance' which he wishes to raise in response to the charge of illegality. Under FRCP 1.110(a) allegations as to which no responsive pleading is required shall be taken as denied. Thus the affirmative defense is at issue in the instant case."
Upon the denial of mandamus below, the trial court would simply proceed on the pleadings as they existed; the denial of judgment on the pleadings for failure of an express reply to the affirmative defense was correct and the cause would proceed on the merits.
Apparent conflict having been thus dispelled, the writ of certiorari which was issued is now accordingly
Discharged.
It is so ordered.
ROBERTS, Acting C.J., McCAIN and OVERTON, JJ., and FERRIS, Circuit Judge, concur.
NOTES
[1] Fla. Const. Art. V, § 3(b) (3).