328 So.2d 517 (1976)
Esther TAX and Burton Tax, Appellants,
v.
Lester KEISER d/b/a Las Brisas Apartments, South and Aetna Insurance Company, Appellees.
No. 75-939.
District Court of Appeal of Florida, Fourth District.
March 19, 1976.
*518 Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Stanley M. Rosenblatt, P.A., Miami, for appellants.
Nancy Little Hoffmann, of Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellees.
DOWNEY, Judge.
On November 1, 1972, appellants as lessees and appellee Keiser as lessor entered into a written lease for an apartment in appellee's building. The lease contained an exculpatory provision wherein the tenants waived any claim against the landlord for negligence arising out of the defective condition of the premises. Although the term of the written lease was to begin December 1, 1972, appellants entered into possession of the apartment on November 21, 1972, and Mrs. Tax promptly injured herself by falling over an allegedly improperly lighted step.
By amended answer appellees affirmatively pleaded that the exculpatory clause of the written lease constituted an absolute defense. Appellants did not reply to said defense, and upon appellees' motion the trial court granted appellees a summary judgment.[1]
The record before the trial court reflects that the written lease was not effective on its face until December 1, 1972. The record is silent as to whether there was some other agreement between the parties covering the period between November 21, 1972, and December 1, 1972, which could have rendered the exculpatory clause inapplicable. Thus there may well be a genuine issue of material fact existing between the parties hereto. However, appellants did not reply to the affirmative defense as they were required to do by Rule 1.100(a) RCP. Therefore entry of the summary judgment was appropriate.
The error which we perceive came about when the trial court did not allow appellants to amend their pleadings by way of a reply to set forth facts which the record indicates may be available to avoid appellees' affirmative defense. We believe the record before the trial court when the motion for summary judgment was heard required appellants be afforded that opportunity.
Accordingly, the entry of the summary judgment for appellees is affirmed. However, this affirmance is without prejudice to the plaintiff-appellants within a time to be set by the trial court, to move for leave to file a reply, if they are able, to the defendant-appellees' affirmative defense. Roberts v. Braynon, Fla. 1956, 90 So.2d 623; Gold Coast Crane Service, Inc. v. Watier, Fla. 1971, 257 So.2d 249.
It is so ordered.
WALDEN, C.J., and LEE, THOMAS E., Associate Judge, concur.
NOTES
[1] Section 83.47 F.S. 1973 became effective July 1, 1973.