ORFINGER, Judge.
Appellant filed an action against appellee claiming damages by virtue of the breach of an equipment lease. Appellee’s answer admitted the execution of the lease, but denied the breach. Appellee also affirmatively pleaded (a) termination by mutual consent; (b) release; (c) waiver; and (d) lach-es. Appellant filed no reply to the affirmative defenses, and noticed the case for trial.
On the day set for trial, appellee moved ore tenus for a judgment on the pleadings and the subsequent orders entered by the court granting the motion make it appear that the motion was granted because of the failure of appellant to reply to the affirmative defenses. We have not been favored by a brief of appellee, so we have nothing to dispel this very plausible interpretation of the court’s order.
It was error for the trial court to grant a judgment on the pleadings for the defendant because plaintiff had not replied to the affirmative defenses. A reply is not required to merely deny an affirmative defense. An automatic denial of every allegation of an affirmative defense is provided by Florida Rule of Civil Procedure 1.110(e). Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla.1975); Equibank, N.A. v. Penland, 344 So.2d 629 (Fla.1st DCA 1977); Miller v. Smith, 341 So.2d 1021 (Fla. 4th DCA 1977). Under Rule 1.100(a) a reply is required only if the pleader wishes to avoid the affirmative defense.
A reply is activated only by an affirmative defense that can be avoided. Stated differently, a reply pleads an affirmative defense to an affirmative defense.
Trawick, Florida Practice and Procedure, section 11-6 (1979).
Having determined that the entry of a judgment on the pleadings was erroneous, we find it unnecessary to discuss appellant’s other point on appeal. The final judgment for defendant is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.