404 So.2d 203 (1981)
Eskell H. KITCHEN, Appellant,
v.
Edith D. KITCHEN, Appellee.
No. 81-260.
District Court of Appeal of Florida, Second District.
October 7, 1981.
*204 J. Thomas Wright, Tampa, for appellant.
Robert A. Herce of Herce & Martinez, Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Eskell H. Kitchen (the husband) appeals a final judgment granting the motion for judgment on the pleadings filed by Edith D. Kitchen (the wife) on the husband's petition for modification of the final judgment of dissolution of the parties' marriage. The issue before us is whether the husband was required to file a reply within twenty days after service of the wife's affirmative defense under Florida Rule of Civil Procedure 1.140(a). We answer in the negative and reverse.
Originally the husband sought dissolution of the parties' marriage, and the parties subsequently filed a stipulated property settlement agreement. Final judgment of dissolution, which followed the agreement essentially verbatim and included disposition of the marital property, an award of permanent periodic alimony to the wife, and a requirement that the husband assume responsibility for certain outstanding debts, was later entered in due course.
Thereafter, the husband filed the instant petition for modification of the final judgment, alleging changed circumstances involving a substantial reduction in his income and the wife's having obtained employment. The wife filed a motion to dismiss the petition on the ground that the modifications sought involved matters covered by the property settlement agreement, which motion was denied. She then filed an answer, raising the ground stated in her motion to dismiss as an affirmative defense.
Seven months later the wife filed a motion for judgment on the pleadings, asserting that since the husband had filed no reply to her affirmative defense as required by Florida Rule of Civil Procedure 1.100(a), there was no issue of material fact and she was entitled to judgment as a matter of law. The husband then filed a response to the wife's affirmative defense denying all of her allegations except the allegation that the parties had entered into the property settlement agreement. The wife moved to strike this response. After hearing, the trial court granted both the wife's motion to strike and her motion for judgment on the pleadings. This appeal followed timely.
Rule 1.100(a) provides in pertinent part: "If an answer ... contains an affirmative defense and the opposing party seeks to *205 avoid it, he shall file a reply containing the avoidance. No other pleadings shall be allowed."
Rule 1.110(e) provides in pertinent part: "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." "Avoiding" an affirmative defense is different from a denial of that affirmative defense, and a denial is neither required nor permitted by the rules.
The issue now before us was discussed at length in Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla. 1975). Pertinent portions of the opinion read as follows:
Florida's "Dean of Rules" is the Honorable Henry P. Trawick, Jr., who served long and devotedly on the Supreme Court Committee on Rules of Civil Procedure and as Chairman thereof. He is the author of Trawick's Florida Practice and Procedure and has highlighted the answer [on the point in question]. .. . Mr. Trawick in an enlightening article "To Reply or Not to Reply?" published in the December 1973 Florida Bar Journal pointed out:
"... .
"... The rule is crystal clear ...:
"... Every law student should learn that two classes of defensive pleas in bar exist. The first is a plea by way of traverse. This means a denial of an ultimate fact pleaded in the preceding pleading. The second class of defensive plea is one by way of confession and avoidance. All affirmative defenses are pleas by way of confession and avoidance. They admit the allegations of the plea to which they are directed and allege additional facts that avoid the legal effect of the confession. For example, the plea of contributory negligence that was formerly available admitted the negligence of the pleader and alleged that the opposing party was also guilty of negligence. Under the substantive law then in effect, proof of contributory negligence was a complete defense."
... .
... Circuit Judge David U. Strawn in an order of great clarity ruled:
"... .
"FRCP 1.100(a) only requires a reply to an affirmative defense when the opposing party seeks to avoid that defense. The rule specifically does not require a reply merely to deny the allegations of the defense or to show that the pleader lacks knowledge of the truth of those allegations."
Id. at 661-662.
The distinction between denial and avoidance and the interpretation of the rules made by Mr. Trawick and the Moore Meats court have been followed in several cases, e.g., Equibank v. Penland, 344 So.2d 629 (Fla. 1st DCA 1977); Miller v. Smith, 341 So.2d 1021 (Fla. 4th DCA 1977); Pickard v. Miggins, 311 So.2d 686 (Fla. 3d DCA 1975), and we are in accord with all of the foregoing authorities.
Under the holding in Moore, it is only when "new matter" is sought to be asserted to avoid the affirmative defense that a reply is required. Consequently, where, as here, the plaintiff does not seek to avoid the substantive allegation of the defendant's affirmative defense, he need not file, indeed, is precluded by the rules from filing, a reply.
The wife relies on Tax v. Keiser, 328 So.2d 517 (Fla. 4th DCA 1976), in which the plaintiffs filed a personal injury action resulting from a fall on leased premises. By amended answer the defendants affirmatively alleged that the exculpatory clause of the written lease constituted an absolute defense. The plaintiffs did not reply to this defense, and the trial court granted summary judgment against them. The Fourth District Court of Appeal affirmed,[1] stating:

*206 The record before the trial court reflects that the written lease was not effective on its face until December 1, 1972. The record is silent as to whether there was some other agreement between the parties covering the period between November 21, 1972, [the date the accident occurred] and December 1, 1972, which could have rendered the exculpatory clause inapplicable. Thus there may well be a genuine issue of material fact existing between the parties hereto. However, appellants did not reply to the affirmative defense as they were required to do by Rule 1.100(a) RCP. Therefore entry of the summary judgment was appropriate.
Id. at 518. We see no conflict between this case and the authorities cited supra, however, nor do we find the facts in Tax v. Keiser analogous to the facts involved here.
Accordingly, the final judgment in favor of the wife is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.[2]
OTT and RYDER, JJ., concur.
NOTES
[1] Ironically, the affirmance was without prejudice to the plaintiffs "to move for leave to file a reply, if they are able," to the defendants' affirmative defense, the appellate court noting that the trial court erred in refusing to allow the plaintiffs to file a belated reply. Thus Tax v. Keiser would tend to support a reversal here even if we were to find the wife's arguments on the merits correct, inasmuch as the husband here filed a tardy reply to the wife's affirmative defense.
[2] Lest this decision be misinterpreted or misconstrued, we mention that we neither reach nor decide the merits of the husband's petition for modification.