COWART, Judge.
Appellant filed a 1977 will of a decedent and petitioned for revocation of probate of a 1975 will. Appellee, personal representative, served an affirmative defense alleging the decedent lacked testamentary capacity to execute the 1977 will. Upon motion the probate court dismissed the petition for revocation of probate on the ground that since appellant filed no reply denying the allegations in the affirmative defense those allegations were admitted under Florida Rule of Civil Procedure 1.110(e). We reverse.
A reply to an affirmative defense is unnecessary to merely deny the allegations of the affirmative defense because such allegations are taken as denied. Such a reply is necessary and permitted only in order to allege new facts that may be legally sufficient to avoid the legal effect of the facts contained in the affirmative defense. See Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla.1975); Kitchen v. Kitchen, 404 So.2d 203 (Fla. 2d DCA 1981); Hertz Commercial Leasing Corp. v. Seebeck, 399 So.2d 1110 (Fla. 5th DCA 1981). See also Florida Rule of Civil Procedure 1.100(a) and H. Trawick, Florida Practice and Procedure § 11-6 (1982).
REVERSED AND REMANDED.
ORFINGER, C.J., and COBB, J., concur.