LEHAN, Judge.
Plaintiff appeals from a final judgment which resulted from the granting of defendants’ motion for judgment on the pleadings. It appears that the motion was granted and the judgment was entered on the basis of plaintiff having admitted an affirmative defense of defendants. The admission apparently was found to have occurred through the application of rule 1.110(e), Florida Rule of Civil Procedure, to plaintiff's failure to reply to the affirmative defense. We reverse because we conclude that that application of the rule was erroneous.
Plaintiff, a physician specializing in radiology, sued East Pasco Medical Center, Inc., hereinafter called the hospital, for an injunction and damages by reason of the hospital’s alleged failure to permit plaintiff to use the hospital’s radiology facilities. Causes of action under the various counts in the complaint were asserted to be grounded upon breach of an alleged contract, promissory estoppel, and a violation of section 395.0115, Florida Statutes (1985). In addition, plaintiff sued the corporate parent of the hospital corporation, alleging interference with an advantageous business relationship. Both defendants filed an answer containing an affirmative defense that “Defendant, EAST PASCO MEDICAL CENTER, INC., has in effect an exclusive contract for the provision of radiological services at the East Pasco Medical facility. Said exclusive contract is in full force and effect under the rationale of Blank v. Palo Alto-Stanford Hospital Center, 234 Cal. App.2d 377, 44 Cal.Rptr. 572 (1965), and Smith v. Northern Michigan Hospitals, Inc., 703 F.2d 942 (6th Cir.1983). Plaintiff ... is not a party to the exclusive contract, and therefore is barred by said contract from use of the facilities located at East Pasco Medical Center, Inc.”
We need not address the legal sufficiency of that affirmative defense. Its allegations could not be taken as true for the purpose of ruling upon the motion for judgment on the pleadings because the lack of a reply to the defense did not constitute an admission of its allegations. As this court said in Kitchen v. Kitchen, 404 So.2d 203, 205 (Fla. 2d DCA 1981), “Under the holding in Moore [Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla.1975)], it is only when ‘new matter’ is sought to be asserted to avoid the affirmative defense that a reply is required.” Quoting from Trawick’s Florida Practice & Procedure, as quoted in Moore, Kitchen pointed out that “[t]he rule specifically does not require a reply merely to deny the allegations of the defense or to show that the pleader lacks knowledge of the truth of those allegations.” 404 So.2d at 205. The reason for a reply to an affirmative defense is noted in Moore where the Florida Supreme Court said, “This [a reply] is necessary in order to lay a predicate for ... proofs [of an avoidance of an affirmative defense] so that the parties may prepare accordingly.” 313 So. 2d at 661. That is, as plaintiff argues, a reply to an affirmative defense is necessary only in order to entitle the plaintiff to, in effect, prove an affirmative defense to *65 an affirmative defense. See also Williams v. Inch, 433 So.2d 681 (Fla. 5th DCA 1983); Trawick, “To Reply Or Not to Reply?,” 47 Fla.B.J. 703 (1973).[1]
Accordingly, plaintiffs failure to file a reply to the affirmative defense had the effect of denying the allegations of the defense. By having failed to reply to the defense, plaintiff would not be entitled at trial to raise new matters in avoidance thereof. See North American Philips Corp. v. Boles, 405 So.2d 202 (Fla. 4th DCA 1981).
We do not address the arguments as to whether the various counts of the complaint state causes of action. It does not appear that whether or not the complaint states causes of action was ruled upon by the trial court. We agree with plaintiff that the judgment should not be treated as a summary judgment. The notice of hearing did not fulfill the requirements of Florida Rule of Civil Procedure 1.510(c).
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and FRANK, J., concur.

. To the extent that language in Tax v. Reiser, 328 So.2d 517 (Fla. 4th DCA 1976), may be taken to the contrary, we conclude that that ease does not accurately reflect the precepts of Moore which Tax did not cite.