519 So.2d 1125 (1988)
Dorothy Fay ABSTON, et al., Appellants,
v.
Floyd T. BRYAN, M.D., et al., Appellees.
No. 86-1889.
District Court of Appeal of Florida, Fifth District.
February 11, 1988.
*1126 Arthur J. Ranson, III, Orlando, for appellants.
Geoffrey D. Ringer, of Maguire, Voorhis & Wells, P.A., Orlando, for appellee Bryan.
Gregory S. Stark, Orlando, for appellee Holmes Regional.
COBB, Judge.
The plaintiffs below, Dorothy and Ernest Abston, sued Dr. Bryan and Holmes Regional Medical Center for medical malpractice, alleging the defendants were negligent in allowing a foreign object (a laparotomy pad) to be left in Dorothy's body during surgery performed on January 11, 1984. As a result, she suffered pain and discomfort, necessitating a second surgical procedure on January 24, 1984, to remove the pad and an infected rib area.
Dr. Bryan responded to the complaint with a motion to dismiss, asserting that it affirmatively appeared upon the face of the complaint that the action was barred by section 95.11, Florida Statutes (1985), the two-year statute of limitations for medical malpractice actions. The motion pointed out that the corrective surgery allegedly was performed on January 24, 1984, and that the complaint was not filed until April 25, 1986, more than two years later. On May 23, 1986, Holmes filed an answer to the complaint. On June 16, 1986, 23 days later, Holmes filed an amended answer raising the limitations defense, and a motion for judgment on the pleadings. This amended answer was filed without leave of court. Plaintiffs moved to strike the amended answer, which motion was subsequently denied. After a hearing on these various motions, the trial court found the plaintiffs' action barred by the applicable statute of limitations and entered judgments for both defendants.
On appeal the plaintiffs first contend that the allegations on the face of the complaint (the pertinent consideration for motions to dismiss and for judgment on the pleadings) do not establish that the applicable statute of limitations began to run on January 24, 1984. We find this contention without merit in view of our reading of those allegations, which clearly show that the plaintiffs knew of their cause of action at the time of the second surgery.
The plaintiffs also claim that, even if they had two years commencing January 24, 1984, within which to file their complaint, the statute of limitations (section 95.11) was tolled. They argue that subsections (2) and (3)(a) of section 768.57 of the 1985 Medical Malpractice Act precluded them from filing suit until at least 90 days after service of the notice of intent on December 5, 1985  in other words, until March 6, 1986, the 91st day after service of the notice. Plaintiffs argue that, at the time of service of their notices of intent on December 5, 1985, they had 50 days left within which to file suit. When the 90-day tolling period expired on March 5, 1986, the 50 days began to run and did not expire until April 24, 1986. The initial complaint in this case was actually received by the clerk of the circuit court for filing on April 22, 1986, but returned due to the failure to pay a filing fee. Plaintiffs argue that the failure to pay is irrelevant, and that the operative date for purposes of the statute of limitations is April 22. We agree. Every action is deemed commenced when the complaint is "filed." Fla.R.Civ.P. 1.050. For a complaint to be "filed" it is not necessary that the fee be paid, only that the complaint be received by the clerk of the court. See Outboard Marine Domestic International Sales Corp. v. Florida Stevedoring, Corp., 483 So.2d 823 (Fla. 3d DCA 1986). That delivery occurred in the instant case two days prior to the expiration of the tolled statute of limitations, and, thus, the complaint was timely filed.
Appellees/defendants counter the tolling argument by claiming that there could be no tolling of the two-year period because of plaintiffs' failure to file the notice of intent. *1127 Section 768.57(4), Florida Statutes (1985), provided as follows:
(4) The notice of intent to initiate litigation shall be filed within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
(Emphasis added.)
Subsections (2) and (3) of section 768.57 required service of such a notice by certified mail on each prospective defendant at least 90 days prior to filing suit. In the instant case, the notice of intent to initiate litigation was served on the defendants on December 5, 1985, but it was never filed. Insofar as subsection (4) of the 1985 Act requires filing prior to suit, it is nonsensical, because there would be no court file within which to file such a notice. Clearly, the word "filed" in subsection (4) was intended to be "served," and this obvious error was corrected by the 1986 legislature.[1] Therefore, the statute of limitations was tolled, and the complaint was timely filed.
While the timeliness of the filing is dispositive of this case, we also note that Holmes's amended answer, which purported to raise the limitations issue, was improperly filed without leave of court. Therefore, it cannot be the basis for a judgment for Holmes. Florida Rule of Civil Procedure 1.190 provides:
A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served.
The first question, then, is whether the initial answer served by Holmes on May 23, 1986, was a pleading to which a responsive pleading was permitted. A reply to an affirmative defense is permitted only in order to allege new facts that may be sufficient to avoid the legal effect of the facts contained in the affirmative defense. In Re Estate of Grant, 433 So.2d 681 (Fla. 5th DCA 1983). A reply is activated only by an affirmative defense that can be avoided; it is never used to deny an affirmative defense, since the affirmative defense is deemed denied. Moore Meats, Inc. v. Strawn, In and For Seminole County, 313 So.2d 660 (Fla. 1975); see also H. Trawick, Florida asserting the collateral source rule in regard to damages, contained no affirmative defenses to which a reply (with avoidance) was required (permitted). Since the answer was not one to which a responsive pleading was permitted, Holmes had only 20 days from May 23, 1986, within which to freely amend its answer. Holmes failed to do so, and leave of court was never sought to amend beyond the 20-day period. For this additional reason, the judgment for Holmes was erroneous.
For the foregoing reasons, the judgments below are
REVERSED.
SHARP, C.J., and ORFINGER, J., concur.
NOTES
[1] See Chapter 86-287, section 9, Laws of Florida, deleting the requirement that the notice be filed within the two-year period, and substituting the word "served" for "filed."