556 So.2d 1126 (1989)
Harvey BURTON, Bonnie Burton, His Wife, and Miami Laser Graphics, Inc., Appellants,
v.
LINOTYPE Company, Bunker-Ramo Eltra Corporation and Dennis Eaves, Appellees.
No. 88-2352.
District Court of Appeal of Florida, Third District.
November 14, 1989.
Rehearing Denied March 7, 1990.
*1127 Thornton, David & Murray and Linda Ann Singer, Miami, for appellants.
Kaufman, Miller, Dickstein, Grunspan & Oster and Jonathan Oster, Miami, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Harvey Burton, Bonnie Burton, and Miami Laser Graphics, Inc., [MLG] sued Linotype Company, Bunker-Ramo Eltra Corporation, and Dennis Eaves for damages predicated on fraud and deceit, negligent misrepresentation, and false advertising. They claimed that appellees' conduct induced them to enter a contract to lease the Linotype Graphic System  ST. They also alleged breach of express and implied warranties under the lease agreement. Linotype counterclaimed, asserting breach of contract and replevin claims as well as breach of guaranty by the Burtons. Linotype requested a summary judgment, alleging that the warranty disclaimers and limitation of liability clauses in the lease foreclosed its liability, and that Burton and MLG's claims for fraud, negligent misrepresentation and false advertising were barred by their failure to allege a tort independent of contract claims, a fact they contended also precluded claims for economic damages. The trial court granted the motion and entered final summary judgment. Burton and MLG appeal; we reverse.
The law in Florida is well settled that a party may not contractually thwart liability for its own fraud. "Fraud is an intentional tort and thus not subject to the cathartic effect of the exculpatory clauses found in contracts." L. Luria & Son, Inc. v. Honeywell, Inc., 460 So.2d 521, 523 (Fla. 4th DCA 1984); Oceanic Villas v. Godson, 148 Fla. 454, 4 So.2d 689 (1941); Goyings v. Jack and Ruth Eckerd Found., 403 So.2d 1144 (Fla. 2d DCA 1981); Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804 (Fla. 4th DCA 1978); Fuentes v. Owen, 310 So.2d 458 (Fla. 3d DCA 1975). Thus, the claims of Burton and MLG for damages arising from fraud and deceit and false advertising are not precluded by the exculpatory clauses contained in the lease.
*1128 The law is equally clear that clauses exculpating negligence liability are disfavored and will not be enforced unless the language of the exculpatory clause is clear and unambiguous. Mankap Enter., Inc. v. Wells Fargo Alarm Serv., 427 So.2d 332 (Fla. 3d DCA 1983); Goyings; Fuentes.[1] In the case before us, the exculpatory clauses do not specifically exclude liability for the lessor's negligence, and do not bar the claims of Burton and MLG based on negligent misrepresentation.
Next, Burton and MLG argue that the language of the disclaimer clause does not specifically preclude a breach of warranty claim. That argument lacks merit under ordinary principles of contract construction. See Royal Inv. & Dev. Corp. v. Monty's Air Conditioning Serv., Inc., 511 So.2d 419 (Fla. 4th DCA 1987); Bay Management, Inc. v. Beau Monde, Inc., 366 So.2d 788 (Fla. 2d DCA 1978). As an affirmative defense, Linotype asserted the limited warranty clause. However, the contention that the limited warranty failed of its essential purpose was an avoidance which Burton and MLG waived by failing to plead in a reply. See Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla. 1975); Gulf Life Ins. Co. v. Ferguson, 59 So.2d 371 (Fla. 1952); North Am. Philips Corp., Inc. v. Boles, 405 So.2d 202 (Fla. 4th DCA 1981); Foliage Corp. of Fla., Inc. v. Watson, 381 So.2d 356 (Fla. 5th DCA 1980); Tax v. Keiser, 328 So.2d 517 (Fla. 4th DCA 1976); see also Reno v. Adventist Health Systems/Sunbelt, Inc., 516 So.2d 63 (Fla. 2d DCA 1987); Kitchen v. Kitchen, 404 So.2d 203 (Fla. 2d DCA 1981). The general denial was insufficient to overcome waiver, and summary judgment was therefore appropriate.
Third, MLG and Burton urge that negligent misrepresentation, fraud and misleading advertising are torts independent of their breach of warranty claims. We agree. Fraud in the inducement and deceit are independent torts for which compensatory and punitive damages may be recovered. Gold v. Wolkowitz, 430 So.2d 556 (Fla. 3d DCA), review denied, 437 So.2d 677 (Fla. 1983); Sprayberry v. Sheffield Auto & Truck Serv., Inc., 422 So.2d 1073 (Fla. 1st DCA 1982); Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla. 1973). Because the claim based on misleading advertising requires the same proof as the fraud claim, it is also an independent tort claim. See Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367 (Fla. 4th DCA 1981). Linotype urges that notwithstanding this general principle of law, MLG and Burton have failed to plead damages or facts different from those suffered from the breach of contract, and therefore their tort claims cannot be maintained. Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), review denied, 494 So.2d 1151 (Fla. 1986); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981). Linotype anticipates that MLG and Burton will be unable to prove fraud damages distinct from contract damages because the relief segments of the complaint are identical. Linotype presumes too much: Burton and MLG seek general relief and not specific dollar amounts. At trial, Burton and MLG may be able to establish, for example, that the loss of business suffered as a result of the alleged fraud is different from the loss of business occasioned by the failure of the machinery to work properly. Under the facts of this case, it would be premature to foreclose proof of differentiated damages.[2]
Fraud is ordinarily inappropriate for summary disposition; only after a full explanation of the facts and circumstances can the occurrence of fraud be determined. Department of Revenue v. Rudd, 545 So.2d 369 (Fla. 1st DCA 1989); Brock v. G.D. Searle & Co., 530 So.2d 428 (Fla. 1st *1129 DCA 1988); Richards v. Wax, 511 So.2d 433 (Fla. 3d DCA 1987); Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981); Alepgo Corp. v. Pozin, 114 So.2d 645 (Fla. 3d DCA 1959), cert. denied, 117 So.2d 842 (Fla. 1960). Negligent misrepresentation is tantamount to fraud, Ostreyko v. B.C. Morton Org., Inc., 310 So.2d 316 (Fla. 3d DCA 1975); Kutner v. Kalish, 173 So.2d 763 (Fla. 3d DCA), cert. denied, 183 So.2d 210 (Fla. 1965). Unresolved issues of fact remain concerning whether Linotype fraudulently induced MLG and Burton to enter the lease and the guaranty; thus, summary judgment was inappropriate as to fraud, negligent misrepresentation, and misleading advertising questions.
Our reversal compels us to reverse the summary judgment entered in favor of Linotype on its corresponding counterclaim for breach of contract, breach of guaranty and replevin of the LGS-ST, now rendered premature.
In summary, we affirm the summary judgment as to the breach of warranty claim and reverse the summary judgment in all other respects.
Affirmed in part; reversed in part; remanded for further proceedings.
NOTES
[1] For an example of an enforceable exculpatory clause which precludes liability for negligence, see Meeting Makers, Inc. v. American Airlines, Inc., 513 So.2d 700 (Fla. 3d DCA 1987).
[2] Of course, a double recovery may not be derived from one element of damages, National Aircraft Serv., Inc. v. Aeroserv Int'l, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); Besett v. Basnett, 437 So.2d 172 (Fla. 2d DCA 1983), nor may punitive damages be recovered in the absence of proof of conduct independent of the conduct constituting the breach of contract. Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581 (Fla. 1st DCA 1985).