**VALUE HOUSE, INC. and Contest Enterprises, Inc., Plaintiffs,**

v.

**MCI TELECOMMUNICATIONS CORP., Defendant/Third–Party Plaintiff,**

v.

**PHONE BASE SYSTEMS, INC., Third–Party Defendant.**

**Civil Action No. 94–0608 (PLF).**

United States District Court, District of Columbia.

Jan. 31, 1996.

**6**

Michael D. Hausfeld, Michael J. Flannery, Cohen, Milstein, Hausfeld & Toll, Washing-ton, DC, Patrick E. Cafferty, Miller, Faucher, Chertow, Cafferty and Wexler, Chicago, IL, Bryan L. Clobes, Miller, Faucher, Chertow, Cafferty and Wexler, Philadelphia, PA, for plaintiffs.

John P. Wintrol, William H. Barrett, McDermott Will & Emergy, Washington, DC, Barry Coburn, Coburn & Iraola, Washington, DC, for defendants.

### *MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This case is before the Court on defendant MCI's motion for summary judgment. The Court previously dismissed Count I (fraudulent misrepresentation) and Count III (promissory estoppel) pursuant to its Order of December 20, 1994. Remaining in this case are a claim of negligent misrepresentation (Count II) and a claim of unjust enrichment (Count IV).

██ MCI argues that, with respect to Count II, Florida law governs and that under Florida law Count II must be dismissed because plaintiffs are not entitled to purely economic damages in tort. MCI also argues that plaintiffs' unjust enrichment claim (Count IV) must be dismissed because MCI received no benefit from the conduct alleged by plaintiffs.[1] Finally, MCI maintains that plaintiffs have effectively been enjoined in a separate proceeding from receiving any proceeds from many, if not all, of the 900 numbers at issue in this case. MCI argues that plaintiffs lack standing to request relief here because the injunction bars their obtaining monies from these 900 numbers.

██ The Court concludes that Section 148 of the Restatement of Conflicts of Laws applies to Count II, rather than Section 145. RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 145, 148 (1971 & Supp.1988). Section 145 contains the general principles with respect to tort cases, while Section 148 contains the factors specifically applicable in fraud and misrepresentation cases, such as the negligent misrepresentation claim contained in

---

1. Unjust enrichment claims are identical under Florida and District of Columbia law. *See Gary v. D. Agustini & Asociados, S.A.,* 865 F.Supp. 818, 827 (S.D.Fla.1994); *Int'l Brotherhood of Teamsters v. Assoc. of Flight Attendants,* 663 F.Supp. 847, 854 (D.D.C.1986).

Count I. Applying the Section 148 factors, the Court concludes that Florida has the most significant relationship to the dispute. While the Service Bureaus ("SBs") made the representations (based on MCI's representations) in California, Virginia and elsewhere, plaintiffs received the negligent misrepresentations in Florida and plaintiffs acted in reliance on those misrepresentations there. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 148(2)(a), (b), cmts. f–i. By these measures, Florida has a more significant relationship to the occurrences in this case and thus Florida law applies to Count II.

■ MCI argues that the Florida "economic loss doctrine" bars plaintiffs from recovering economic damages in tort because plaintiffs could have protected themselves contractually and have suffered no personal injury or property damage. *See Airport Rent–A–Car v. Prevost Car*, 660 So.2d 628 (Fla.1995); *Casa Clara Condominium Assoc., Inc. v. Toppino*, 620 So.2d 1244 (Fla. 1993); *Palau Int'l Traders v. Narcam Aircraft*, 653 So.2d 412 (Fla.Dist.Ct.App.1995). Plaintiffs counter that the economic loss rule has been applied in a limited class of cases, mostly involving products liability, and that it is still a doctrine in development as evidenced by the fact that the Eleventh Circuit has twice certificated the issue to the Florida Supreme Court for decision. Plaintiffs maintain that the doctrine is not clear enough to support a grant of summary judgment. Furthermore, plaintiffs argue that they should be permitted to pursue their claims because their tort claims are independent of contract and because they lacked the opportunity to protect themselves contractually. *See Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 742 (11th Cir.1995); *Burton v. Linotype*, 556 So.2d 1126, 1127–28 (Fla.Dist.Ct.App.1989). *But see Sfc Value Corp. v. Wright Machine Corp.*, 883 F.Supp. 710, 714–15 (S.D.Fla.1995) (rejecting the "no alternate remedy" exception).

■ The Court concludes that the Florida economic loss rule is not yet so broad as MCI describes it. The leading cases in which it has been applied are mostly products liability cases in which plaintiffs have attempted to assert tort claims with respect to such things as exploding cars, faulty cement and broken airplanes. *Airport Rent–A–Car v. Prevost Car Inc.*, 660 So.2d at 628; *Casa Clara Condominium Assoc. Inc. v. Toppino*, 620 So.2d at 1244; *Palau International Traders Inc. v. Narcam Aircraft, Inc.*, 653 So.2d at 412. Furthermore, the seminal case, *Casa Clara*, a 4–3 decision of the Florida Supreme Court, not only was based on products liability principles, *Casa Clara Condominium Assoc. Inc. v. Toppino*, 620 So.2d at 1246, but also prompted concern by at least three Justices about expanding the rule and limiting the rights of those genuinely harmed but not contractually protected. *Id.* at 1248 (Barkett, J., concurring in part and dissenting in part); *id.* at 1248–49 (Shaw, J., concurring and dissenting). As Justice Shaw noted, the economic loss doctrine "works a mischief ... where ... the injured party is not privy to the contract but injury to third parties is reasonably foreseeable." *Id.* at 1249 (Shaw, J., concurring and dissenting). The instant case involves no faulty products at all, plaintiffs had no contract with defendants, and the case may even share elements of cases in which the Florida courts have preserved exceptions to the economic loss doctrine. *See, e.g., A.R. Moyer Inc. v. Graham*, 285 So.2d 397 (Fla.1973). While Florida law governs here, it must be limited to the contexts in which the Florida courts have applied it, which are substantially different from that involved in this case.

■ Since plaintiffs are not barred by the economic loss doctrine as a matter of law, remaining genuine issues of fact preclude summary judgment for defendant on Count II. The question under Count II is whether the information provided by MCI was intended for the benefit of the Information Providers ("IPs"); that will be a question of fact at trial. *See Foltz v. U.S. News & World Report, Inc.*, 627 F.Supp. 1143, 1178 (D.D.C. 1986); RESTATEMENT (SECOND) OF TORTS § 552(2)(a). While the Court previously has expressed its concern about the thin record with respect to this issue and its skepticism about the likelihood of plaintiffs' success at trial, that is an insufficient reason to grant summary judgment. *See* Transcript of Proceedings, December 19, 1994, at 11–13.

With respect to the unjust enrichment claim, Count IV, MCI states that it received no benefit from the unbilled calls and that it specifically did not deduct any charges for any non-billed 900 numbers and that to do so would have been contrary to the express terms of its contracts with the SBs. Def.'s Mot. at 34; Declaration of Victoria Harker (Harker Decl.) ¶¶ 16–25. Plaintiffs respond that MCI deducted a per minute usage charge for unbilled calls. Declaration of Kayes Ahmed ¶ 12 (Ahmed Decl.). Plaintiffs also state that they would have ceased using MCI's services had they known that MCI did not permit 900 calls from all areas. Pls.' Opp'n at 40. The extent of the benefit, if any, received by MCI is a question of fact, and plaintiffs argue that they have had insufficient discovery to establish the extent of the unjust enrichment. They request that the Court deny summary judgment and permit them to pursue discovery under Rule 56(f), Fed.R.Civ.P., in order to further develop their case. The Court will deny MCI's motion for summary judgment on Count IV on that basis. *See* Rule 56(f), Fed.R.Civ.P.

Finally, with respect to the Florida consent decree and injunction, Def.'s Mot., Ex. O, plaintiffs argue that MCI lacks standing to benefit from the injunction, that the injunction must be read narrowly as limited to its intended effect to benefit consumers and that the injunction is irrelevant to the instant action. The Court is inclined to agree with plaintiffs but will reserve ruling on any question of offset until after judgment (if any) at trial. It therefore will not strike the exhibits pertaining to the injunction at this time.

For all of the foregoing reasons, it is hereby

**ORDERED** that MCI's motion for summary judgment is **DENIED**; it is

**FURTHER ORDERED** that Plaintiffs' Motion to Strike is **DENIED**.

**SO ORDERED.**