PER CURIAM.
Appellant waived the issue that the limited warranty providing for repair or replacement failed of its essential purpose by its failure to raise it in the pleadings. See Burton v. Linotype Co., 556 So.2d 1126, 1128 (Fla. 3d DCA 1989). For this reason, we do not reach the question of whether damages are recoverable under sections 672.714 and 672.715, Florida -Statutes (1995), when a limited warranty has failed of its essential purpose and a separate contractual provision excludes liability for “incidental, consequential, or indirect damages of any kind” arising under the agreement. See §§ 672.719(2), (3),-Fla. Stat. (1995); James J. White and Robert S. Summers, Uniform Commercial Code, § 12-10 (3d ed.1988). We find no abuse of discretion in the trial court’s denial of appellant’s ore tenus motion to amend made at the summary judgment hearing, almost two years after the case had been filed. See, e.g., Horacio O. Ferrea North American Div., Inc. v. Moroso Performance Products, Inc., 553 So.2d 336, 337 (Fla. 4th DCA 1989).
AFFIRMED.
GLICKSTEIN, POLEN and GROSS JJ., concur.