PER CURIAM.
We reverse the entry of final summary judgments for breach of personal loan guaranties where, as here, there was not an express waiver of duties by the lender. See Warner v. Caldwell, 354 So.2d 91, 96 (Fla. 3d DCA 1977) (“Notwithstanding language in the guaranty agreement to the effect that the contract of guaranty would be ‘unconditional,’ beyond the duties imposed in the contract of guaranty, the law imposes on the creditor an obligation not to deal with the debtor, or any security for the debt, in such a manner as to harm the interest of the guarantors.”); Burton v. Linotype Co., 556 So.2d 1126, 1127 (Fla. 3d DCA 1989) (“The law in Florida is well settled that a party may not contractually thwart liability for its own fraud.”); TD Bank, N.A. v. ARS Partners Poplar Plains, LLC, No. CV095026521, 2010 WL 745757 at *4 (Conn.Super.Ct. Feb. 2, 2010) (finding language that “[n]o act or omission of any kind on the part of the [b]ank shall in any way whatsoever affect or impair this guaranty,” insufficient to constitute an express waiver of the guarantor’s rights to challenge the lender’s conduct regarding secured collateral). The waiver in this case is distinguishable from the absolute waiver discussed in Von Dunser v. Southeast First National Bank of Miami, 367 So.2d 1094, 1096 (Fla. 3d DCA 1979), where this Court found there was a waiver of the impairment of collateral defense because the guaranty specifically provided that “[n]o act or omission of any kind by the [bjank shall affect or impair this guaranty and the [bjank shall have no duties to [gjuarantors.” (emphasis added).
Reversed.
CORTIÑAS and ROTHENBERG, JJ., concur.