PER CURIAM.
Alvaro Gorrín appeals an adverse final summary judgment determining that he fraudulently transferred a residential property to others following the entry, in a separate and prior case,[1] of a final summary judgment against him exceeding $19,000,000.00. After the entry of the final judgment in the fraudulent transfer case, a panel of this Court reversed and remanded the final summary judgment and judgment lien against Gorrín in the underlying (guaranty/debt collection) case. Gorrin v. Poker Run Acquisitions, Inc., 77 So.3d 739 (Fla. 3d DCA 2011).
Gorrín then moved the trial court, based on this Court’s reversal of the judgment lien, to modify its final summary judgment in the fraudulent transfer case. The trial court granted that motion in part, vacating three of eleven numbered paragraphs within the final summary judgment. Those three paragraphs addressed the validity, attachment, and execution of the judgment lien as against the property transferred by Gorrín. Gorrin’s appeal from the judgment as modified is the case presently before us.
While this appeal was pending, however, the appellee/creditor, Poker Run Acquisitions, obtained a new final money judg *1104 ment in the guaranty/debt collection case against Gorrín after remand and trial. That final judgment (May 2013) exceeds $30,000,000.00. Gorrín has also appealed that judgment.[2]
We conclude that we lack jurisdiction to address the fraudulent transfer judgment as modified after the reversal of the debt collection/guaranty judgment against Gor-rín (and before the entry of a final judgment on remand in May 2013). Judicial labor in the circuit court fraudulent transfer action is not complete, as the trial court has not yet determined whether the May 2013 judgment lien has attached to the property alleged to have been fraudulently transferred by Gorrín, and whether Poker Run Acquisitions may execute upon that property in full or partial satisfaction of the later and increased lien. The earlier, partially-vacated final summary judgment in the fraudulent transfer case is thus non-final and non-appealable. Hallock v. Holiday Isle Resort & Marina, Inc., 885 So.2d 459, 461 (Fla. 3d DCA 2004).
At oral argument, Gorrín urged us (in the alternative) to treat this case as a petition for certiorari. We decline to do so, concluding that Gorrín has not demonstrated any violation of a clearly established principle of law resulting in a miscarriage of justice. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003).
Appeal dismissed.

. The appellee’s guaranty/debt collection suit against Gorrín is Miami-Dade Circuit Court Case No. 08-36794-CA-06. The subsequent fraudulent transfer suit against him is Miami-Dade Circuit Court Case No. 10-10011-CA-08.

. Gorrin’s appeal from the May 2013 judgment for damages after remand remains pending and is our Case No. 3D13-1792. No stay is in effect.