IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, IN TRUST FOR THE
REGISTERED HOLDERS OF CITIGROUP
MORTGAGE LOAN TRUST 2007-AHL2,
ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2007-AHL2, ETC.,

      Appellant,

v.                                    Case No. 5D17-2130

VIVIEN F. WILSON AND MARC J. WILSON,

      Appellees.

_____/

Opinion filed July 20, 2018

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Allison Morat and Meghan Keane, of
Pearson Bitman LLP, Maitland, for
Appellant.

J. Christopher Crowder, of Faro & Crowder,
P.A., Melbourne, for Appellees.

JOLLEY, M.G., Associate Judge.

      U.S. Bank National Association ("the Bank") appeals the final summary judgment

entered in favor of Vivien and Marc Wilson ("the Wilsons"). We reverse and remand.

On October 17, 2006, the Wilsons signed a promissory note secured by a mortgage in exchange for a loan of $164,000. In December 2007, the Wilsons failed to make the monthly payment due on the note. Following two dismissed foreclosure actions, the Bank filed the instant complaint on September 3, 2014, alleging that it had "not been paid the payment due December 1, 2007, and all subsequent payments, which has resulted in a default of the note and mortgage."

The Wilsons answered the complaint and raised affirmative defenses, including the expiration of the statute of limitations under section 95.11(2)(c) of the Florida Statutes (2014). The Bank did not file a reply. The Wilsons moved for summary judgment, arguing that the complaint, filed on September 3, 2014, was based upon a single default on December 1, 2007, well-beyond the five-year statute of limitations. The trial court granted the motion and entered a final summary judgment.

The Bank contends that the trial court erred in entering a final summary judgment based upon the expiration of the statute of limitations because the pleadings alleged a continuous state of default. We agree.

A complaint alleging a continuous state of default, which includes acts of default within the five-year period preceding the filing of the complaint, is not barred by the statute of limitations. *U.S. Bank Nat'l Ass'n for Lehman XS Tr. Mortg. Pass-Through Certificates, Series 2007-16N v. Morelli*, 43 Fla. L. Weekly D1295 (Fla. 3d DCA June 6, 2018). Here, the complaint sufficiently alleged a continuous state of default by alleging an initial default for the failure to make "the payment due December 1, 2007, and all subsequent payments." Thus, the statute of limitations did not bar the complaint. *Id.*; *see also Deutsche Bank Nat'l Tr. Co. v. Miller*, 239 So. 3d 239 (Fla. 5th DCA 2018);

2

*Bank of N.Y. Mellon v. Stallbaum*, 230 So. 3d 1271 (Fla. 5th DCA 2018); *U.S. Bank N.A. v. Diamond*, 228 So. 3d 177, 178 (Fla. 5th DCA 2017).

The Wilsons raise several alternative bases for affirmance under the "tipsy coachman" rule. *See Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 645 (Fla. 1999) (allowing the appellate court to affirm if the trial court reached the right result, but for the wrong reason, so long as "there is any basis which would support" the trial court's ruling). Only one of these arguments merits discussion: whether the summary judgment may be affirmed because the Bank failed to file a reply to avoid the affirmative defense of statute of limitations.

Florida Rule of Civil Procedure 1.100(a) provides that, if an answer contains an affirmative defense and the plaintiff seeks to avoid it, the plaintiff must file a reply on the avoidance. However, avoiding an affirmative defense is different from a denial of that affirmative defense, and a denial is neither required nor permitted by the rules. *Kitchen v. Kitchen*, 404 So. 2d 203, 205 (Fla. 2d DCA 1981). Instead, a reply to an affirmative defense is required only to allege new facts which may be sufficient to avoid the legal effect of the facts contained in the affirmative defense. *Abston v. Bryan*, 519 So. 2d 1125, 1127 (Fla. 5th DCA 1988); *Kitchen*, 404 So. 2d at 205. "When a defendant files affirmative defenses and the plaintiff does not reply, the affirmative defenses are deemed denied and therefore false." *Roman v. Bogle*, 113 So. 3d 1011, 1014 (Fla. 5th DCA 2013), *rev. denied* 130 So. 3d 691 (Fla. 2013); s*ee also* Fla. R. Civ. P. 1.110(e) (an averment in a pleading "to which no responsive pleading is required or permitted shall be taken as denied or avoided"); *Genuinely Loving Childcare, LLC v. Bre Mariner Conway Crossings, LLC*, 209 So. 3d 622, 625 (Fla. 5th DCA 2017); *Frisbie v. Carolina*

3

*Cas. Ins. Co.*, 162 So. 3d 1079, 1080–81 (Fla. 5th DCA 2015); *Hertz Commercial Leasing Corp. v. Seebeck*, 399 So. 2d 1110, 1111 (Fla. 5th DCA 1981).

Here, the complaint sufficiently alleged a continuous state of default. The Bank was not required to file a reply because no additional facts were necessary to address the statute of limitation defense, and the defense was thus denied. *Kitchen,* 404 So. 2d at 205. *Cf. Frisbie*, 162 So. 3d at 1080-81 ("Here, because Appellee raised the issue of unclean hands as an avoidance of Appellants' two affirmative defenses, Appellee should have pleaded the issue in a reply . . . ."). Therefore, the Wilsons cannot rely upon the failure of the Bank to file a reply as a basis for this Court to affirm the final summary judgment under the "tipsy coachman" rule.

Accordingly, we reverse the entry of the final summary judgment and remand for further proceedings.

REVERSED AND REMANDED.


TORPY and BERGER, JJ., concur.