# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

NUCE ACOUSTIC CEILINGS & DRYWALL, INC.,
a Florida corporation,

Appellant,

v.

DeLESLINE CONSTRUCTION, INC.,

Appellee.

No. 2D2025-1179

_____

May 8, 2026

Appeal from the County Court for Manatee County; Jacqueline B. Steele and Heather Doyle, Judges.

Benjamin Earl Hillard and Amy Cuykendall Jones of Hillard Cuykendall, P.A., Largo, for Appellant.

Jorge Martinez and Peter John Mackey of Mackey Law Group, P.A., Bradenton, for Appellee.


SILBERMAN, Judge.

Nuce Acoustic Ceilings & Drywall, Inc., appeals the final judgment entered in favor of DeLesline Construction, Inc., following a bench trial. In this contract dispute, Nuce, a subcontractor, alleged that DeLesline, the general contractor, owed it money after Nuce installed drywall in a commercial property.

Nuce sued DeLesline for breach of contract, breach of implied-in-fact contract, breach of contract implied-in-law, and unjust enrichment. Nuce moved for summary judgment and argued that DeLesline owed it $13,688 plus prejudgment interest after it performed additional work not encompassed in an initial letter of intent/contract. DeLesline filed an affidavit in opposition to Nuce's motion for summary judgment, and the trial court denied the motion. The case went to trial, and the court entered final judgment against Nuce after finding that Nuce "failed to prove any of the counts in its Complaint by its burden of proof."

On appeal, Nuce challenges both the final judgment and the denial of its motion for summary judgment. We affirm because we find no merit to any of the arguments Nuce raises but write to briefly address the argument that the trial court improperly allowed DeLesline to present evidence at trial in support of unpled affirmative defenses.

Nuce argues, correctly, "that affirmative defenses must be pleaded either in the answer or as separate affirmative defenses and, if not pleaded, the issue is deemed waived." *Paul Gottlieb & Co. v. Alps S. Corp.*, 985 So. 2d 1, 5 (Fla. 2d DCA 2007). But an affirmative defense is different than a general denial. There are "two classes of defensive pleas." *Kitchen v. Kitchen*, 404 So. 2d 203, 205 (Fla. 2d DCA 1981) (quoting *Moore Meats, Inc. v. Strawn*, 313 So. 2d 660, 661 (Fla. 1975)). The first is "a denial of an ultimate fact pleaded in the preceding pleading." *Id.* (quoting *Strawn*, 313 So. 2d at 661). The second "is one by way of confession and avoidance. All affirmative defenses are pleas by way of confession and avoidance. They admit the allegations of the plea to which they are directed and allege additional facts that avoid the legal effect of the confession." *Id.* (quoting *Strawn*, 313 So. 2d at 661-62).

DeLesline's answer to the complaint contained general denials. As the trial court correctly determined, the affidavit submitted in opposition to Nuce's motion for summary judgment did not raise affirmative defenses. Contrary to Nuce's argument, the trial court did not enter final judgment against it based on unpled affirmative defenses but instead concluded that Nuce failed to prove any of the counts raised in its complaint. Because Nuce has not established reversible error, we affirm the final judgment.

Affirmed.

SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.