PER CURIAM.
These appeals are by the same appellant, but the appellees are different. The cases were tried separately, and separate final judgments were entered. They were consolidated for oral argument and will be considered together because they grew out of the same transaction.
Appeal number 69-219 is brought by Rod-Lyn Corporation from a summary final judgment for the plaintiff-appellee, Julius DeBelay. The action was by DeBelay for a return of money deposited pursuant to a contract to purchase realty. The summary final judgment directed the return to DeBelay of the deposit held by an escrow agent.
Appellant’s main contention on this appeal is that the trial court erred in finding that there was no genuine issue of material fact as to the obligation of the appellant vendor to convey title at the time of the closing. Appellant urges that, because of the wording of the deposit-receipt contract for the sale, it was not required to convey good and marketable title at the closing. The contract construed by the court is upon a standard printed form of the Miami Board of Realtors. The contract provided for a closing on a specific day but also provided that the vendor had 60 days to cure defects found in the title upon examination of the abstract. It is contended that this circumstance implied a meaning that the purchase price should be paid on the closing date and that the vendor would not be required to convey a marketable title until a later date.
We agree with the trial court that appellant’s position is untenable in view of the rule of construction that a court must be guided by the entirety of a contract and not by isolated statements in the contract. Paddock v. Bay Concrete Industries, Inc., Fla.App.1963, 154 So.2d 313. The trial judge correctly determined that a reading of this contract as a whole permitted no other construction than the usual provision that marketable title is to be conveyed at the time of the closing.
There are other matters advanced by the appellees which would in our opinion render appellant’s position untenable, but in view of the above holding we do not discuss them.
Appellant’s remaining point urges a waiver by appellee of his right to require a good and marketable title. This issue was not raised by the pleadings, and it is not established by the evidence. Waiver and es-toppel are affirmative defenses that must be specifically pleaded. Rule 1.110(d), Florida Rules of Civil Procedure, 30 F.S. A. We therefore conclude that error has not been demonstrated in appeal number 69-219.
Appeal number 69-^420 is from a summary final judgment entered for the plaintiff, Clyde M. Banks, doing business as Banks Companies (not incorporated). The action was for a real estate commission and alleged that appellee became entitled to the commission after having procured a purchaser (DeBelay) upon employment by the defendant-appellant, Rod-Lyn Corporation. The complaint alleged that the sale was not completed because of the fault of the appellant.
*235 Appellant contends that the record in the broker’s cause presents a genuine issue of a material fact as to whether the broker was estopped to claim a commission because he had knowledge of the defect which defeated the sale. Our review of the pleadings, depositions, and affidavits shows that the broker was not placed upon notice of a specific defect in title so as to bar him from recovery under the rule stated in Zide v. Zenchenko, Fla.App.1958, 101 So.2d 64. There is no genuine issue as to the facts that the transaction failed because of title defects and that the broker was not charged with knowledge of those defects. Therefore we conclude that no error is shown in appeal number 69^-20.
The judgments appealed from are affirmed.