505 So.2d 414 (1987)
CORAL RIDGE PROPERTIES, INC. and Westinghouse Electric Corporation, Petitioners,
v.
PLAYA DEL MAR ASSOCIATION, INC., Respondent.
No. 68471.
Supreme Court of Florida.
March 26, 1987.
Rehearing Denied May 8, 1987.
*415 John R. Hargrove of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Fort Lauderdale, for petitioners.
John J. Pappas of Butler, Burnette and Freemon, Tampa, and Robert J. Manne and Steven B. Lesser of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for respondent.
SHAW, Justice.
We review Playa Del Mar Association v. Florida Power & Light Co., et al., 481 So.2d 943 (Fla. 4th DCA 1985), because of direct and express conflict with Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla. 1st DCA 1962). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The pertinent facts and procedural posture of these consolidated cases are as follows. Respondent Playa Del Mar, a condominium association, brought suit in 1979 against petitioners Coral Ridge and Westinghouse, as joint developers, alleging defects in the construction of Playa Del Mar Condominium, a 29-story, 370-unit building. The complaint alleged breaches of warranties "including, but not limited to, the following defects and deficiencies," followed by a long list of specific defects and deficiencies throughout the building. The list included alleged defects in the building's electrical system in violation of both the South Florida Building Code and the *416 National Electric Code. The parties reached and signed a settlement agreement, dated February 25, 1982, under which petitioners agreed to correct a specified list of deficiencies and to compensate respondent for certain repairs previously performed by respondent. In consideration, the agreement provided in pertinent part:
WHEREAS, the parties have reached a compromise and settlement of all such claims, and the parties desire to effect a full and final compromise and settlement of all matters in all causes of action arising out of the allegations set forth in said lawsuit, as well as all causes of action arising out of the construction and the sale of the PLAYA DEL MAR by CORAL RIDGE, except as to any obligations of duties arising under this Settlement Agreement.
... .
3. GENERAL RELEASE AND VOLUNTARY DISMISSAL: Simultaneous with the execution of this Agreement, the ASSOCIATION and CLASS REPRESENTATIVES shall place in escrow with their attorney of record, David McKenzie, a fully executed General Release releasing CORAL RIDGE and Westinghouse Electric Corporation from all past, present and future claims, demands and causes of action arising from alleged defective construction of the PLAYA DEL MAR, (excepting those of compliance with and performance of any obligation and duty arising out of the terms of this Agreement), together with a Voluntary Dismissal With Prejudice of the aforedescribed lawsuit.
The escrowed general release provided in pertinent part that respondent would
hereby remise, release, acquit, satisfy and forever discharge ... [petitioners] from all past, present and future claims, demands and causes of action arising from alleged defective construction of the PLAYA DEL MAR, excepting those of compliance with the performance of any obligation and duty arising out of the terms of the Settlement Agreement entered into by and between said parties, as a full and final compromise and settlement of all matters arising out of the lawsuit... .
It is uncontroverted that this settlement agreement was carried out and that respondent duly delivered the general release and dismissed with prejudice the suit against petitioners on May 29, 1984.
After this settlement agreement was signed, respondent filed a second suit in late 1982 against petitioners and Florida Power & Light Company alleging that construction defects in the electrical system's bus ducts had caused a fire in the building's vault room. Later, as a result of a subrogation action by respondent's insurer, a third suit spun off from the second. In response, without filing an answer, petitioners filed motions for summary judgments based on the affirmative defense of release. Respondent argued to the trial court that the settlement agreement and release of February 1982 were ambiguous and did not address construction defects in the vault room, and, further, that the documents were grounded on mutual mistake and mistake of fact. In support, respondent filed affidavits from its own attorney and officers averring that the vault room was never inspected because it was in the exclusive control of Florida Power & Light Company, that none of the parties to the February agreement were aware of any defects in the vault room, and, in short, defects in the vault room were completely outside the agreement. In addition, respondent attempted to depose the attorney for petitioners, purportedly to show that the agreement was not intended to cover the vault room. The trial courts granted summary judgments, ruling that the settlement agreement and release were unambiguous on their face, and that no extrinsic evidence on their meaning would be heard. The claims against Florida Power & Light Company are still pending in the trial court. On appeal, the district court consolidated the cases and reversed, holding that it was error to permit the filing of motions for summary judgment based on "release" when that affirmative defense had not been asserted in a pleading. Fla.R.Civ.P. 1.110(d). The district court also suggested *417 that respondent had been improperly precluded from introducing evidence in support of its claim of mutual mistake.
We first address the issue of whether a defendant may file a motion for summary judgment based on release without first asserting that affirmative defense in an answer. Under rule 1.110, a pleading in response to a previous pleading must affirmatively set forth all affirmative defenses on which the pleader plans to rely. The objective of this requirement is to timely present and join the issues on which the parties will rely and to preserve issues for appellate review. Wise v. Quina, 174 So.2d 590 (Fla. 1st DCA 1965). The rule does not, on its face, require that motions for summary judgment based on affirmative defenses be preceded by an answer in which the affirmative defense is pleaded. Further, reading the rule to require filing an answer prior to a motion for summary judgment, would be contrary to Florida Rule of Civil Procedure 1.510(b) which permits a motion for summary judgment at any time. Thus, contrary to the district court below, we conclude that there is no requirement that a motion for summary judgment under rule 1.510(b) be preceded by an answer presenting the affirmative defense under rule 1.110(d). This conclusion is consistent with Florida Rule of Civil Procedure 1.140(b) which permits certain defenses to be made by motion prior to the filing of a responsive pleading. The requirement in rule 1.140(b) that every defense in law or fact be asserted in the responsive pleading is qualified by the caveat "if one is required." When a suit is disposed of, as here, by summary judgment, there is no requirement that a responsive pleading be filed.
Respondent also urges that it was prejudiced by the failure of petitioners to present the affirmative defense of release in a responsive pleading prior to the motion for summary judgment. We see no prejudice to a plaintiff when, by its terms, rule 1.510(c) requires that the motion for summary judgment "state with particularity the grounds upon which it is based and the substantial matters of law to be argued" and that the motion "be served at least twenty days before the time fixed for the hearing." Filing a responsive pleading with the same information prior to the motion for summary judgment would not benefit the plaintiff. Regardless of whether the motion for summary judgment was presented before or after a responsive pleading, respondent was required to present an avoidance of the release. We do not agree that the order of presentation was prejudicial.
Having determined that there was no procedural bar to filing the motion for summary judgment, we turn to the issue of whether the trial court erred in granting the motion for summary judgment. We conclude that there was a genuine issue of material fact as to whether there was mutual mistake in drafting the settlement agreement so as to encompass any construction defects present in the building vault and that respondent should have been permitted to perform further discovery and to introduce further evidence on this claim. The trial court declined to permit respondent to depose petitioners' attorney on the intent of the parties in reaching and drafting the settlement agreement. This evidence was particularly critical in that the record before us indicates that the documents were prepared by petitioners' attorney. Accordingly, we approve the results reached below and remand for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, J. and ADKINS, J. (Ret.), concur.
McDONALD, C.J., concurs with an opinion.
OVERTON, J., dissents with an opinion, in which BARKETT, J., concurs.
McDONALD, Chief Justice, concurring.
Because of the provisions of rule 1.510(c), Florida Rules of Civil Procedure, I agree that a defendant is not precluded from obtaining a summary judgment on an affirmative defense not yet raised by answer. At the same time, I observe that the *418 better practice would be to plead the affirmative defense and that it would not be error for a trial judge to require such a pleading before ruling on the summary judgment motion.
OVERTON, Justice, dissenting.
I dissent. A motion for summary judgment under our Florida Rule of Civil Procedure 1.510(b) should not be permitted when it is based on issues not framed by the pleadings. In the instant case, the affirmative defense of release had not been pled and was not an issue in the pleadings. I agree that a motion for summary judgment can be made "at any time," but only to the issues framed by the pleadings. To allow a motion for summary judgment to contain affirmative defenses not pled is the same as allowing a plaintiff to assert new claims in a motion for summary judgment. I do not believe the majority is approving the latter; however, the principle is consistent with their reasoning.
Rather than simplifying and shortening court proceedings, the majority opinion will cause confusion and uncertainty concerning the issues that are before a court for resolution.
BARKETT, J., concurs.