WALLIS, J.
Bill Frisbie, Yankee Trailer Court, LLC, and Yankee Trailer Court, Inc. (“Appellants”), appeal the trial court’s grant of summary judgment in favor of Carolina Casualty Insurance Company (“Appellee”). Appellants argue that the trial court erred because Appellee failed to properly plead the doctrine of unclean hands prior to its second motion for summary judgment. We reverse and remand for further proceedings because the issue of unclean hands — asserted by Appellee as an avoidance to Appellants’ affirmative defenses— should have been pleaded in a reply to Appellants’ answer. We decline to address Appellants’ other arguments because they are without merit.
This court previously reversed the trial court’s first grant of summary judgment in favor of Appellee after finding that “genuine issues of fact existed as to whether waiver or estoppel barred rescission.” Frisbie v. Carolina Cas. Ins. Co., 103 So.3d 1011, 1012 (Fla. 5th DCA 2012). After remand, Appellee filed a second motion for summary judgment, arguing that the material misrepresentations of Appellants’ law firm — in whose shoes Appellants stand for purposes of this case — constituted unclean hands and precluded Appellants from asserting the affirmative defenses of waiver or estoppel in answer to Appellee’s claim for rescission. The trial court granted summary judgment in favor of Appellee for a second time, ruling that the doctrine of unclean hands precluded Appellants’ reliance on the affirmative defenses of waiver or estoppel.
Florida Rule of Civil Procedure 1.100(a) requires that “[i]f an answer ... contains an affirmative defense and the *1081 opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance.” The Committee Notes associated with the 1972 amendment of Rule 1.100(a) specify that a reply is “mandatory when a party seeks to avoid an affirmative defense in an answer or third-party answer” in order to avoid the procedural problems that existed prior to 1972. Fla. R. Civ. P. 1.100, Committee Notes, 1972 Amendment (citing Dickerson v. Orange State Oil Co., 123 So.2d 562 (Fla. 2d DCA 1960) (allowing a plaintiff to raise affirmative defenses for the first time at trial in situations where the plaintiff was not required to respond to defendant’s answer or cross-claim)). Florida Rule of Civil Procedure 1.110(d) provides, in relevant part: “In pleading to a preceding pleading a party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense.” See also Coral Ridge Props., Inc. v. Playa Del Mar Ass’n, Inc., 505 So.2d 414, 416-17 (Fla.1987) (discussing the requirement for a party to' plead an avoidance of the affirmative defense); Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So.3d 602, 607 (Fla. 4th DCA 2013) (noting that Rule 1.110(d) requires a party to include any affirmative defense or avoidance in the initial pleadings); Kitchen v. Kitchen, 404 So.2d 203, 205 (Fla. 2d DCA 1981) (“[I]t is only when ‘new matter’ is sought to be asserted to avoid the affirmative defense that a reply is required.”). “Where a party files no reply to an affirmative defense, this merely denies (as opposed to avoids) the affirmative defense.” Lazar v. Allen, 347 So.2d 457, 458 (Fla. 2d DCA 1977) (citing Fla. R. Civ. P. 1.110(e)). Here, because Appellee raised the issue of unclean hands as an avoidance of Appellants’ two affirmative defenses, Appellee should have pleaded the issue in a reply to Appellants’ answer, not in the second motion for summary judgment.
We also adopt the fourth district’s opinion that summary judgment based on unclean hands “is not an appropriate vehicle to resolve disputed issues of fact.” Cohen v. Kravit Estate Buyers, Inc., 843 So.2d 989, 992 (Fla. 4th DCA 2003) (citing Dery v. Occhiuzzo & Occhiuzzo Enters., Inc., 771 So.2d 1276, 1278-79 (Fla. 4th DCA 2000) (ruling that the issue of unclean hands “requires the resolution of disputed facts”)). In addition to the unresolved factual issue of unclean hands, we reiterate that genuine issues of fact exist as to whether waiver or estoppel barred rescission in the instant case.
REVERSED and REMANDED.
EDWARDS, J., concurs.
TORPY, C.J., concurs and concurs specially, with opinion.