# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-389
Lower Tribunal No. 13-741-P
_____

**Mario Gamero,**
Appellant,

vs.

**Foremost Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Alvarez, Carbonell, Feltman, & DaSilva and Paul B. Feltman, for appellant.

Butler Weihmuller Katz Craig, Timothy Engelbrecht and Ezequiel Lugo (Tampa), for appellee.

Before SUAREZ, C.J., and WELLS and EMAS, JJ.

EMAS, J.

Mario Gamero, the plaintiff below, appeals the trial court's orders denying his motion for summary judgment, granting Foremost Insurance Company's motion for summary judgment, and entering final judgment in favor of Foremost. Following our de novo review, and for the reasons that follow, we affirm.

Gamero's home sustained damage when a vase fell and cracked two floor tiles in the living room. Gamero filed a claim to recover for this damage under the policy and, in turn, Foremost initially accepted coverage and offered payment in the amount of nearly $4000. Gamero disagreed as to the amount of the loss and invoked the policy's appraisal provision. An appraisal panel determined the replacement cost value of the loss was $18,863.41, and stated that this determination was "made without consideration of any other terms, conditions, provisions or exclusions of the above policy, which might affect or [sic] the amount of the insurer's liability thereunder." The appraisal amount reflected the cost for replacement of the tile throughout the entire home.

Thereafter, Foremost sent a letter to Gamero explaining that only $8,781.27 of the appraisal amount was covered by the policy, and issued payment in the amount of $3,801.59, after subtracting the policy deductible ($250), depreciation ($815.99) and the original payment ($3,913.69). Foremost asserted that the cost of replacing tile in the rest of the house ($10,082.14) was not covered under the policy.

On February 7, 2014, Gamero filed a complaint for breach of contract. The complaint alleged that Foremost "refuse[d] to provide coverage or payment to the Insured for their losses stemming from the Loss, as they are entitled to under the Policy." Foremost filed an answer denying any breach of contract and asserted, as an affirmative defense, that the policy's marring exclusion applied and that there was no coverage for this claim. Gamero did not file a Reply to Foremost's affirmative defense.

Each party filed a motion for summary judgment. Following a hearing on the motions, the trial court determined there was no genuine issue of material fact, and that, as a matter of law, Gamero's loss was excluded from coverage under the terms of the policy. The trial court denied Gamero's motion for summary judgment, granted Foremost's motion for summary judgment, and entered judgment thereon.

We affirm the trial court's orders, and hold that the damage to the floor tiles was a loss that constituted "marring," which was expressly excluded from coverage under the terms of the insurance policy. In this regard, we agree with the analysis and holding of Ergas v. Universal Property and Casualty Insurance Co., 114 So. 3d 286 (Fla. 4th DCA 2013), a case virtually identical in material respects, involving a dropped item causing chipped floor tiles and a similar coverage

3

exclusion clause for "loss [c]aused by . . . [w]ear and tear, marring, deterioration . . . ."[1]

We reject Gamero's argument that Foremost waived its right to rely upon the marring exclusion by its pre-suit conduct in initially acknowledging coverage and paying a portion of the claim. Moreover, even if such actions by Foremost amounted to a waiver,[2] Gamero failed to preserve the issue below. After Gamero filed suit for breach of the insurance contract, Foremost answered and asserted, as an affirmative defense, that Gamero's claim was excluded from coverage because the loss constituted marring. Gamero, however, failed to reply to, or avoid, this affirmative defense by alleging, as he does in this appeal, that the affirmative defense was waived by Foremost's conduct in initially acknowledging coverage and paying a portion of the claim. Instead, Gamero raised this issue, for the first

---

[1] In Ergas, 114 So. 3d at 287, the Fourth District stated:

> The insured dropped a hammer on his tile floor, causing it to chip. He filed a claim for damage with his homeowner's insurance company which denied coverage, because it claimed that the damage constituted "marring" which was excluded from coverage. After the homeowner filed suit, the trial court entered summary judgment, agreeing with the insurance company that the damage was not covered under the policy. We affirm, because marring is not covered under the policy, and the damage to the tile floor constitutes marring.

[2] Neither the parties nor this court could find a reported Florida case in support of, or opposition to, this discrete proposition. Nevertheless, to the extent that Gamero's argument approximates a claim of coverage by estoppel, such a theory cannot be relied upon to create coverage where none exists. See Crown Life Ins. Co. v. McBride, 517 So. 2d 660 (Fla. 1987).

4

time, in opposition to Foremost's motion for summary judgment. The trial court was correct in not considering this issue, raised for the first time in opposition to Foremost's motion for summary judgment. See Fla. R. Civ. P. 1.100(a) (providing "[i]f an answer . . . contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance"); see also Fla. R. Civ. P. 1.110(d) (providing that "[i]n pleading to a preceding pleading a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense"); Lobrillo v. Brokken, 837 So. 2d 1059 (Fla. 3d DCA 2002) (holding that defendants' failure to plead affirmative defense of statute of limitations in their answer to complaint precluded trial court from considering such defense and granting defendants' motion for summary judgment on that basis); Accurate Metal Finishing Corp. v. Carmel, 254 So. 2d 556 (Fla. 3d DCA 1971) (holding that affirmative defenses must be pleaded and are not properly raised for the first time in an affidavit filed in opposition to a motion for summary judgment); Frisbie v. Carolina Cas. Inc. Co., 162 So. 3d 1079 (Fla. 5th DCA 2015) (holding that plaintiff should have raised the issue of unclean hands in a reply to defendant's affirmative defenses, rather than raising the issue for the first time in a motion for summary judgment); Cong. Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So. 3d 602 (Fla. 4th DCA 2013) (holding that defendant who failed

to plead affirmative defense of lack of standing could not assert such defense for first time in response to plaintiff's motion for summary judgment).[3]

Affirmed.

---

[3] The other issues raised by Gamero are not meritorious and warrant no further discussion.