DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PLANTATION OPEN MRI, LLC**
a/a/o Sammy Brown, et al.,
Appellants,

v.

**INFINITY INDEMNITY INSURANCE COMPANY**, et al.,
Appellees.

Nos. 4D19-1398,
4D19-2260, 4D19-2261, 4D19-2264, 4D19-2265, 4D19-2277,
4D19-2278, 4D19-2282, 4D19-2283, 4D19-2284, 4D19-2285,
4D19-2286, 4D19-2333, 4D19-2382, 4D19-2385 and 4D19-2611.

[September 23, 2020]

Consolidated appeal from the County Court of the Seventeenth Judicial Circuit, Broward County; Robert W. Lee and Florence Taylor Barner, Judges; L.T. Case Nos. COCE18-009429, COCE18-004700, COCE18-004702, COCE18-004707, COCE18-004716, COCE18-004715, COCE18-004753, COCE18-004714, COCE18-005083, COCE18-004706, COCE18-004710, COCE18-004717, COCE18-004881, COCE18-004752, COCE18-004722 and COCE18-009911.

Douglas H. Stein of Douglas H. Stein, P.A., Miami, for appellants.

Suzanne Y. Labrit (withdrew after oral argument) and Garrett A. Tozier of Shutts & Bowen LLP, Tampa, and Gladys Perez Villanueva of Shutts & Bowen LLP, Miami, for appellees.

ARTAU, J.

Plantation Open MRI, LLC and other providers ("the providers")[1] appeal the final summary judgments entered in favor of Infinity Indemnity Insurance Company and other affiliated entities (collectively "the insurer")[2]

---

[1] The providers in these consolidated cases are Plantation Open MRI, LLC, MR Services I, Inc., and Upright Open MRI, LLC.

[2] The insurers in these consolidated cases are Infinity Indemnity Insurance Company, Infinity Auto Insurance Company, and Infinity Assurance Insurance Company.

in these consolidated cases.  The providers contend the insurer's personal injury protection ("PIP") policy creates an ambiguity requiring the insurer to pay full reimbursement for the cost of medical services.  The county courts found that the policy limits the insurer's obligation to 80% of the statutory fee schedule for PIP benefits outlined in section 627.736(5)(a)1., Florida Statutes (2018), but they certified the following question as a matter of great public importance: whether a PIP insurance policy requires the insurer to pay more than 80% of the statutory fee schedule if it includes provision for the total limit of benefits the insurer is obligated to pay based on the difference between the deductible and the total amount of all expense incurred, subject to the $10,000 limit of benefits.

We answer the question in the negative and affirm the final summary judgments in each of the appealed cases.

### *Background*

The providers seek reimbursement for medical services on behalf of patients covered by the insurer's PIP policy.  The policy provides that the insurer "will pay, in accordance with the Florida Motor Vehicle No-Fault Law, personal injury protection benefits to or for the benefit of an insured who sustains bodily injury" as follows:

> Reimbursement for medical expenses shall be limited to and shall not exceed 80% of the schedule of maximum charges set forth in Section 627.736(5)(a)[1.,] Florida Statutes . . . .

(emphasis omitted).

The providers seek reimbursement of the full amount of their charges, arguing an ambiguity in the section of the policy entitled "Limits of Liability," which provides:

> The amount of any deductible stated on the Declarations Page shall be deducted from the total amount of all loss and expense incurred by or on behalf of each person to whom the deductible applies and who sustains bodily injury as the result of any one accident.  If the total amount of such loss and expense exceeds such deductible, the total limit of benefits we are obligated to pay shall then be based on the difference between such deductible amount and the total amount of all loss and expense incurred, subject to the $10,000 limit of benefits.  Such deductible shall not apply to death benefits.

2

(emphasis omitted).

The insurer reimbursed the providers at 80% of the statutory fee schedule provided by section 627.736(5)(a)1.

In each of the consolidated cases, the providers filed motions for summary judgment, contending that the insurer improperly paid the PIP medical bills at 80% of the statutory fee schedule. The insurer filed cross-motions for summary judgment, contending that it properly paid the PIP medical bills as limited by the policy. The county courts entered summary judgment for the insurer.

### *Analysis*

The standard of review applicable to a grant of summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Likewise, "[t]he construction of an insurance policy is a question of law for the court and is subject to *de novo* review." *Ergas v. Universal Prop. & Cas. Ins. Co.*, 114 So. 3d 286, 288 (Fla. 4th DCA 2013).

Section 627.419(1), Florida Statutes (2018), requires every insurance contract to "be construed *according to the entirety* of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto." § 627.419(1), Fla. Stat. (2018) (emphasis added).

Moreover, "[a] true ambiguity does not exist merely because a contract can possibly be interpreted in more than one manner. Indeed, fanciful, inconsistent, and absurd interpretations of plain language are always possible. It is the duty of the trial court to prevent such interpretations." *BKD Twenty-One Mgmt. Co. v. Delsordo*, 127 So. 3d 527, 530 (Fla. 4th DCA 2012). Without a genuine inconsistency, a court is not allowed "to rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135, 1138 (Fla. 1998).

We find that the insurer's policy is not ambiguous. It plainly provides for the insurer to limit reimbursement to 80% of the statutory fee schedule.

For insured patients with an emergency condition, reimbursement is "subject to" a limit of $10,000. Subordinating language, such as "subject to," only indicates that the main clause it introduces or follows does not derogate from the provision to which it refers. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 126 (2012). All this

3

tells us is that the total of whatever benefits the policy provides cannot exceed the overall $10,000 limit.

When the policy is read in its entirety, the section in dispute clearly limits the overall liability and explains how any applicable deductible is applied. It does not create a separate payment obligation.

The providers' interpretation rests on one sentence in the policy stating: "If the total amount of such loss and expense exceeds such deductible, the *total limit of benefits we are obligated to pay shall then be based on* the difference between such deductible amount and the total amount of all loss and expense incurred, subject to the $10,000 limit of benefits." (emphasis added). But the providers ignore that the adjective—total— modifies the noun—limit—and not the object—benefits—in the prepositional phrase. Instead, the providers assert an ambiguity by reading this sentence as if the noun—limit—was not there, substituting the object—benefits—as if it was the noun. By doing so, the providers have added a meaning that is not present in the policy's text.

In a nutshell, the providers argue that the "total" covered "benefits" should be paid, up to the maximum amount, without regard to the plain language requiring that the "total limit of benefits" be "based on" application of the PIP schedule after any deductible. We cannot engage in such "fanciful . . . interpretations." *BKD Twenty-One Mgmt. Co.*, 127 So. 3d at 530. To reasonably interpret an insurance policy, we must adhere to the text of the policy as written. *Deni Assocs. of Fla., Inc.*, 711 So. 2d at 1138.

Undoubtedly, the adjective—total—modifies the noun—limit—which in turn tells the reader that the object of the prepositional phrase—benefits— is limited as otherwise set forth in the policy. It does not create an independent obligation to pay under a different methodology, nor any right to collect up to the maximum amount, without regard to the limitations otherwise contained in the policy and the statutory fee schedule.

Moreover, as explained by our supreme court: "'Benefits' are the amount paid by the [PIP] insurer—determined by the 60% and 80% methodologies, and governed by the fee schedule, when applicable. 'Expenses and losses,' on the other hand, refers to the total charges submitted to the insured—not only those which may be recovered as benefits." *Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr.*, 260 So. 3d 219, 224 (Fla. 2018). Thus, read in its entirety, the only reasonable interpretation of the policy's plain language is that the aggregate of expenses and losses, after any applicable deductible, reimbursed at 80%

pursuant to the statutory fee schedule, cannot exceed the $10,000 limit for emergency services.

### *Conclusion*

Accordingly, we conclude the provision upon which the providers rely does not create a separate or independent obligation to pay benefits outside of the 80% statutory fee schedule for PIP benefits. The policy is not ambiguous. Thus, the county courts properly granted final summary judgment in each case below. Accordingly, we affirm and answer the certified question in the negative.

*Affirmed.*

DAMOORGIAN and FORST, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***