# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D21-3187
LT Case No. 2014-CA-003112

_____

GREEN GABLES APARTMENTS, II, LTD.,

    Appellant,

    v.

AHG TAX CREDIT FUND XVIII, LLC; TCIG GUARANTEED TAX CREDIT FUND VI, LLC; WELLS FARGO AFFORDABLE HOUSING COMMUNITY DEVELOPMENT CORPORATION; LAUREL PARK APARTMENTS, LTD.; ET AL.,

    Appellees.

_____

On appeal from the Circuit Court for Marion County.
Robert W. Hodges, Judge.

Ian C. White and Jonathan W. Hayes, of Ausley McMullen, P.A., Tallahassee, for Appellant.

Stacy D. Blank, Jason H. Baruch, Dominic Kouffman, Jessica S. Kramer, and Avery A. Holloman, of Holland & Knight, LLP, Tampa, for Appellees.

October 13, 2023

KILBANE, J.

Green Gables Apartments, II, Ltd. ("Appellant"), appeals the final summary judgment entered against it and in favor of AHG Tax Credit Fund XVIII ("Appellee"). We affirm in all respects and write only to address the importance of Florida Rules of Civil Procedure 1.100(a) and 1.110(d).

Florida's pleading rules are readily ascertainable. Rule 1.110(d) provides in relevant part:

> In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, **waiver, and any other matter constituting an avoidance or affirmative defense**.

Fla. R. Civ. P. 1.110(d) (emphasis added). Moreover, "Florida Rule of Civil Procedure 1.100(a) requires that '[i]f an answer . . . contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance.'" *Frisbie v. Carolina Cas. Ins. Co.*, 162 So. 3d 1079, 1080–81 (Fla. 5th DCA 2015) (alterations in original). Importantly, "a reply is 'mandatory when a party seeks to avoid an affirmative defense in an answer or third-party answer.'" *Id.* at 1081 (quoting Fla. R. Civ. P. 1.100 committee notes to 1972 amendment).

On appeal, Appellant argues several avoidances to Appellees' affirmative defenses including lack of prejudice, waiver, and modification but failed to plead them in its reply as required. *See id.* ("Where a party files no reply to an affirmative defense, this merely denies (as opposed to avoids) the affirmative defense." (quoting *Lazar v. Allen*, 347 So. 2d 457, 458 (Fla. 2d DCA 1977))); *see also Citigroup Mortg. Loan Tr. Inc. v. Scialabba*, 238 So. 3d 317, 323 (Fla. 4th DCA 2018) ("As we see it, lack of prejudice is an avoidance which should be pleaded."). Because these issues were

not pled as avoidances nor tried by consent at the hearing below,[1] we do not reach them here and Appellant may not be granted relief on appeal. *See Foliage Corp. of Fla., Inc. v. Watson*, 381 So. 2d 356, 359 (Fla. 5th DCA 1980) (explaining that failure to plead avoidance of defendant's affirmative defense constitutes waiver of right to raise it).

AFFIRMED.

JAY and SOUD, JJ., concur.

───────────────────────

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

───────────────────────

───────────────────────

[1] *See* Fla. R. Civ. P. 1.190(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Frantz v. EM Paving Corp.*, 288 So. 3d 1285, 1288 (Fla. 5th DCA 2020) ("An issue is tried by consent when there is no objection to the introduction of evidence on that issue, unless the evidence is relevant to other, properly pled issues." (quoting *Book v. City of Winter Park*, 718 So. 2d 945, 947 (Fla. 5th DCA 1998))).