DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**THOMAS J. YAGER** and **DEBORAH JO YAGER,**
Appellees.

No. 4D2023-2310

[April 16, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Daniel A. Casey, Judge; L.T. Case No. CACE21-002362.

Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellant.

Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellees.

ARTAU, J.

In this first-party insurance coverage dispute, the trial court granted partial summary judgment in the insureds' favor on Universal Property and Casualty Insurance Company's ("Universal") "prompt notice" defense. We reverse the resulting final judgment entered in the insureds' favor because the trial court erroneously concluded, both procedurally and on the merits, that the insureds' waiver argument precluded Universal from presenting its lack of "prompt notice" defense to the jury as a matter of law.

## Background

The insureds sued Universal asserting breach of the coverage terms of their homeowner's insurance policy. The insureds' policy period ran from August 2019 to August 2020.

*The Claim*

The insureds' operative complaint asserted that Universal had failed to adequately adjust the damages which the insureds claimed had been caused by a water leak reported to the company in August 2020. Universal agreed prior to trial that the insureds "reported a loss by windstorm" occurring during the policy period.

In December 2020, Universal issued a payment to the insureds for a little over $2,000, representing what Universal had determined was the actual cash value of the damage sustained to the residence's interior. Universal's payment to the insureds included no coverage for damage to the residence's roof.

*Universal's Lack of "Prompt Notice" Defense*

The insureds' operative complaint asserted that all conditions precedent to their ability to recover had been performed, satisfied, or otherwise waived. However, Universal asserted among its affirmative defenses that the insureds had failed to satisfy all post-loss conditions precedent to their ability to recover under the policy because they had not provided "prompt notice" of their loss as the policy required.

Universal alleged that the roof leak forming the basis for the claimed covered loss had occurred in May 2020, but the insureds did not report the loss until over three months later in August 2020. Universal also alleged that the lack of "prompt notice" of the loss had prejudiced its ability to investigate the claim.

In asserting this affirmative defense, Universal relied on the following policy terms:

**SECTION I – CONDITIONS**

\*\*\*

**2. Your Duties After Loss.** In case of a loss to covered property, we have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**a.** Give prompt notice to us or your insurance agent;

**8. Suit Against Us.** No action can be brought unless the policy provisions have been complied with . . . .

*The Insureds' Failure to Timely Reply*

The insureds did not file or serve their reply to Universal's answer until over five months after the answer was filed and served. In their untimely reply,[1] the insureds did not directly respond to Universal's lack of "prompt notice" defense. Instead, the insureds simply generally denied all affirmative defenses which Universal had asserted and demanded strict proof thereof. The insureds also moved in their untimely reply to strike all defenses as improperly asserted, vague, and lacking any supporting ultimate facts as required.

*The Partial Summary Judgment Motion*
*Asserting Universal's Waiver of the Lack of "Prompt Notice" Defense*

The insureds moved for partial summary judgment on Universal's lack of "prompt notice" defense. The insureds asserted that Universal had waived compliance with the policy's "prompt notice" provision by confirming through independent investigation that a covered loss had occurred, and by issuing a coverage determination in the insureds' favor for at least the damage to the residence's interior resulting from the roof leak. The insureds also asserted that Florida law was "well-settled" that Universal therefore had "waived compliance" with the "prompt notice" policy provision "by accepting liability and issuing coverage on the claim."

In support of their motion, the insureds filed documents evidencing Universal's issuance of a favorable coverage determination for part of the damages claimed to be the result of the covered peril, as well as deposition of Universal's corporate representative who testified about the effect which the insureds' delayed reporting of the claim purportedly had on Universal's ability to evaluate coverage:

> [I]n this case, [the claim] was not reported immediately without delay. There was [sic] several months of a delay and

---

[1] The reply was clearly untimely because the record fails to indicate that the trial court had extended the period for filing the reply or had granted the insureds leave to file a late reply. *See* Fla. R. Civ. P. 1.140(a)(1) ("If a reply is required, the reply must be served within 20 days after service of the answer.").

it was reported by a third party, which was the public adjuster prior to Universal's involvement or even acknowledgement of the claim. We weren't even aware because somebody else was advised of a loss before Universal.

And this allows Universal to be prejudiced because we're not able to see the conditions of the property as soon as the loss happens. We're already delayed several months. By the time we get to the property, we're not seeing the conditions of the home in relation to the date that the insured said that the loss occurred.

Universal's response to the summary judgment motion argued that, by having tendered payment for some, but not all, of the claimed damages, it had not waived its right under the policy to require the insureds to comply with all post-loss obligations set forth in the policy. Universal also argued that the trial court should not consider the insureds' waiver argument because they had failed to raise that argument in a timely reply to Universal's answer.

*Partial Summary Judgment Precluding Universal*
*from Asserting the Lack of "Prompt Notice" Defense*

At the hearing on the insureds' motion, the trial court determined that Universal had waived compliance with the policy's conditions "by accepting liability and issuing coverage on the subject loss." Accordingly, the trial court, by written order, granted the insureds' motion for partial summary judgment on Universal's lack of "prompt notice" defense, finding that Universal's "acknowledgement of coverage and payment under the policy constitute[d] a waiver of further compliance with policy conditions precedent, including requiring prompt notice of the loss," as a matter of law. The trial court noted in its written order that it had reached this result "with knowledge" of "a dispute as to whether the actual date of loss" was in May 2020 or August 2020.

Universal moved for reconsideration of the trial court's partial summary judgment ruling, arguing that the acceptance of coverage and initial payment to the insureds of policy proceeds pursuant to the coverage determination had not precluded Universal from raising of the lack of "prompt notice" affirmative defense. The trial court orally denied this motion on the first day of trial prior to the presentation of any evidence.

4

*Verdict & Judgment*

The jury ultimately found in the insureds' favor on their breach of contract claim, determining that Universal owed an additional amount of almost $54,250 in damages for the actual cash value of the insureds' loss resulting from the covered windstorm event that had damaged the residence's roof and interior. Universal timely moved to have the trial court set aside the verdict or, alternatively, grant a new trial, arguing, in part, that the partial summary judgment ruling erroneously had barred the jury from considering Universal's lack of "prompt notice" defense.

The trial court denied Universal's post-verdict motion and entered judgment for the insureds, awarding them almost $60,000 in damages, inclusive of prejudgment interest. This appeal follows.

**Analysis**

We review the trial court's partial summary judgment ruling de novo. *See, e.g., Guzman v. Lazzari*, 394 So. 3d 106, 110 (Fla. 4th DCA 2024) ("[T]he standard of review applicable to the partial summary judgment order is de novo.").

*Universal's Procedural Argument*

"[A] defending party's assertion that a plaintiff has failed to satisfy conditions precedent necessary to trigger contractual duties under an existing agreement is generally viewed as an affirmative defense, for which the defensive pleader has the burden of pleading and persuasion." *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1096 (Fla. 2010). Universal argues that reversal is required here because the insureds had failed to timely reply to plead the waiver argument asserted in support of their partial summary judgment motion. In response, the insureds assert that they had sufficiently pled in their operative complaint the waiver argument upon which their summary judgment motion was based, making it unnecessary for the waiver argument to be pled in a reply to Universal's answer. In the alternative, the insureds argue, the waiver issue had been tried by consent of the parties.

The parties agree that compliance with the "prompt notice" provision of the policy was a post-loss condition precedent to the insureds' recovery, which would have constituted an affirmative defense that could bar recovery in this case. *See, e.g., Edwards v. SafePoint Ins. Co.*, 318 So. 3d 13, 16 (Fla. 4th DCA 2021) (characterizing insurer's assertion in answer that the insured had "breached the policy conditions by failing to provide

5

prompt notice of the loss" as an affirmative defense); *Slominski v. Citizens Prop. Ins. Corp.*, 99 So. 3d 973, 975 (Fla. 4th DCA 2012) (referring to insurer's assertion in answer of the affirmative defense of "failure to give prompt notice" of loss to insurer); *see also, e.g., Am. Integrity Ins. Co. v. Estrada*, 276 So. 3d 905, 912 (Fla. 3d DCA 2019) ("[F]or an insurer to successfully establish a coverage defense based upon an insured's failure to satisfy post-loss obligations such that an insured forfeits coverage under a policy, the insurer must plead and prove that the insured has materially breached a post-loss policy provision.").

Florida Rule of Civil Procedure 1.100(a) states: "If an answer or third-party answer contains an affirmative defense *and the opposing party seeks to avoid it*, the opposing party *must* file a reply containing the avoidance." *Id.* (emphasis added). Florida Rule of Civil Procedure 1.110(d) also states: "In pleading to a preceding pleading a party shall set forth affirmatively … *waiver*, and any other matter constituting an avoidance or affirmative defense." *Id.* (emphasis added).

Here, as Universal submits, the record clearly supports its position that the insureds failed to plead waiver or even mention Universal's late notice defense in their untimely reply to Universal's answer raising the defense. However, the insureds argue that given their operative complaint's allegation that all conditions precedent to their ability to recover had been waived, they did not need to raise Universal's waiver of the lack of "prompt notice" defense in a reply.

In other words, the insureds argue that their preemptive pleading in the operative complaint of waiver of all post-loss conditions precedent was enough to satisfy Florida's "notice pleading concept" requiring "claims and ultimate facts supporting same" to simply "be alleged" so as to apprise "the other party of the nature of the contentions that he [or she] will be called upon to meet, and to enable the court to decide whether same are sufficient." *Brown v. Gardens by the Sea S. Condo. Ass'n*, 424 So. 2d 181, 183 (Fla. 4th DCA 1983).

But the insureds' position in this regard is inconsistent with Florida law indicating that waiver is a matter "that must be specifically pleaded" for the issue to be "raised by the pleadings." *Rod-Lyn Corp. v. DeBelay*, 231 So. 2d 233, 234 (Fla. 3d DCA 1970); *see also, e.g., Green Gables Apartments, II, Ltd. v. AHG Tax Credit Fund XVIII, LLC*, 374 So. 3d 866, 866-67 (Fla. 5th DCA 2023) (refusing to consider waiver argument as one of "several avoidances" to party's affirmative defenses because the party against whom defenses were raised "failed to plead" waiver "in its reply as required" and the waiver issue was not "tried by consent").

6

*Gamero v. Foremost Insurance Co.*, 208 So. 3d 1195 (Fla. 3d DCA 2017), appears to specifically support Universal's position that the insureds were required to have raised Universal's waiver of its lack of "prompt notice" defense in a reply for that argument to have been considered in the context of summary judgment proceedings.

In *Gamero,* the Third District Court of Appeal determined that the trial court in a homeowner's insurance coverage dispute "was correct in not considering" the insured's argument that the insurer had "waived its right" to rely on a particular policy exclusion asserted "as an affirmative defense" because the insured had "failed to reply to, or avoid, th[e] affirmative defense" by alleging "that the affirmative defense was waived by [the insurer's] conduct in initially acknowledging coverage and paying a portion of the claim." *Id.* at 1196-97. The trial court here should have similarly declined to consider, much less grant, partial summary judgment in favor of the insureds based on their assertion that Universal had waived compliance with the "prompt notice" provision of the policy through its conduct, an argument which the insureds had never specifically raised in their pleadings prior to seeking partial summary judgment.

The insureds' briefing cites our supreme court's decision in *Coral Ridge Properties, Inc. v. Playa Del Mar Association, Inc.*, 505 So. 2d 414 (Fla. 1987), asserting it stands for the proposition that issues may be presented in a motion for summary judgment even without the filing of an answer. However, *Coral Ridge Properties* addressed only whether "motions for summary judgment *based on affirmative defenses*" needed to "be preceded by an answer in which the affirmative defense [was] pleaded." *Id.* at 417 (emphasis added).

In *Coral Ridge Properties*, the supreme court determined only that "no requirement" exists for a motion for summary judgment to "be preceded" by an answer presenting the affirmative defense upon which the motion is based. *Id.* The supreme court concluded that "reading [rule 1.110] to require filing *an answer* prior to a motion for summary judgment, would be contrary to [the summary judgment rule] which permits a motion for summary judgment at any time." *Id.* (emphasis added). The supreme court therefore held: "When a suit is disposed of, as here, by summary judgment, there is no requirement that a responsive pleading be filed." *Id.*

But nothing in *Coral Ridge Properties* supports the insureds' position that they were not required to have specifically pled waiver, as an avoidance to Universal's lack of "prompt notice" defense, before asserting the argument as a basis for granting partial summary judgment in their

favor on that asserted defense. Thus, Universal's procedural argument in support of reversal is well-taken.

While the insureds argue that the waiver issue was "tried by consent" of the parties, Universal counters that an issue can be "tried by consent [only] where a party 'never objected to the evidence or argument' regarding the issue 'on grounds that the issue was not framed in the pleadings.'" *Anchor Prop. & Cas. Ins. Co. v. Trif*, 322 So. 3d 663, 670 (Fla. 4th DCA 2021) (quoting *Citigroup Mortg. Loan Tr. Inc. v. Scialabba*, 238 So. 3d 317, 324 (Fla. 4th DCA 2018)).

Here, Universal did not acquiesce to the waiver issue being tried on summary judgment, but rather specifically argued in its response to the summary judgment motion that the trial court should not consider the waiver argument because the insureds' never raised that argument in a timely reply to Universal's answer. In fact, Universal even reiterated its position in this regard during argument at the subsequent summary judgment hearing. Under such circumstances, the insureds' argument that the waiver issue was somehow "tried by consent" during the summary judgment proceedings is misplaced.

*Universal's Merits Argument*

Universal alternatively argues that, even if the insureds had sufficiently pled their waiver claim, an insurer is not precluded from presenting its "prompt notice" defense despite its initial acceptance of coverage and issuance of partial payment. We agree. *See Rodrigo v. State Farm Fla. Ins. Co.*, 144 So. 3d 690, 692 (Fla. 4th DCA 2014) (explaining that an insurer does not in fact waive an affirmative defense based on the insured's failure to comply with a post-loss condition precedent to suit "by tendering payment" to the insured); *see also Universal Prop. & Cas. Ins. Co. v. Horne*, 314 So. 3d 688, 692 (Fla. 3d DCA 2021) (determining that the trial court "was incorrect" in concluding that Universal had "waived" its affirmative defense based on insured's lack of compliance with post-loss condition precedent to suit "by issuing payment to [the insured]").

**Conclusion**

Thus, we conclude that the trial court's partial summary judgment ruling, determining that Universal had waived its lack of "prompt notice" defense as a matter of law, was erroneous both procedurally and on the merits. Because this ruling precluded the jury from considering Universal's lack of "prompt notice" defense at trial, we reverse and remand for a new trial at which Universal should be permitted, consistent with this

8

opinion, to present the defense.  In reaching this conclusion, we do not express any opinion as to the defense's merits and instead leave that determination to the fact finder on remand.

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., and CIKLIN, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**